STATE OF MINNESOTA *vs.* JOSEPH A. HENN.

November 28, 1888.

**Indictment for Larceny—Description of Offence.**—There being under section 415 of the Penal Code several distinct acts or ways by which a person may commit or be guilty of larceny, some of which were not larceny at common law, the indictment should charge the act constituting the alleged larceny so as to inform the accused in which one of these different ways he is charged with having committed the offence. An indictment for larceny in the common form could not be sustained by proof that the defendant obtained the property by false pretences or a false token.

**Same—False Token—Invalid Written Instrument.**—Where the false token is a written instrument, it need not be such as, if genuine, would be of legal validity. The rule is otherwise in forgery.

**Same—Duplicity—Objection, how Taken.**—An objection to an indictment on the ground of duplicity should be taken by demurrer, or by motion on the trial to compel the prosecution to elect on which charge he will proceed. It cannot be taken by objection to the admission of any evidence under the indictment.

**Same—Duplicity—One Charge Insufficient.**—If an indictment attempts to charge two offences, but one of them insufficiently, it is not, therefore, double; to be so, it must set out each sufficiently.

Appeal by defendant from an order of the district court for McLeod county, *Edson,* J., presiding, refusing a new trial.

*J. V. V. Lewis* and *R. H. McClelland,* for appellant.

*Moses E. Clapp,* Attorney General, and *G. M. Nelson,* for the State.

MITCHELL, J. Defendant was indicted, under section 415 of the Penal Code, for the crime of grand larceny in the second degree. The allegations of the indictment are that the defendant wilfully, maliciously, and feloniously, by reason of a false token and writing, to wit, a false and forged elevator ticket, which had theretofore been made by the defendant, (and which is set out in the indictment according to its tenor,) obtained of Sylvester Strong and H. Miller the sum of $25.83 in money, (described,) of the value of $25.83,

and the property of Strong and Miller, and appropriated the same to his own use. Objection is taken to the sufficiency of the indictment, that the instrument set out, and which constituted the alleged false token, does not on its face purport to have any legal validity; and the contention is that the instrument must appear on its face to be one which, if true, would possess some legal validity, or facts must be alleged which will enable the court to see that, if it were genuine, it would possess such validity; and in support of this proposition we are referred to *State* v. *Wheeler*, 19 Minn. 70, (98.) There is nothing in this point. The counsel has confounded the rule of pleading in an indictment for forgery with that in an indictment for obtaining property by a false token, and which is now made larceny under the Penal Code. When the false token is a written instrument, it need not be such as, if genuine, would be of legal validity. The rule is otherwise in forgery. 2 Bish. Crim. Law, § 158.

A further objection made to the indictment is that it charges two distinct offences, forgery and larceny, and is therefore bad for duplicity. If this were true, no proper objection was taken to it. Such an objection can only be taken by demurrer, or by motion on the trial to compel the prosecution to elect on which charge he will proceed. In this case the only way it was attempted to be raised was by objection to the admission of any evidence under the indictment. Clearly, however, the indictment was not liable to the objection of duplicity. The only offence it attempts or assumes to charge is larceny committed by obtaining money by a false token. It does not contain allegations sufficient to constitute a good indictment for forgery. Even if an indictment attempts to charge two offences in a single count, but one of them insufficiently, it is not, therefore, double; to be so, it must set out each in adequate terms. 1 Bish. Crim. Pr. § 440.

As these are the only objections raised to the indictment, we are not called upon to consider its sufficiency in other respects, or what allegations are necessary in an indictment for larceny under the Penal Code, where the property is obtained by false pretences, or by a false token; but, to avoid misapprehension, we may add that because the Penal Code has swept away the distinction between larceny at common law and obtaining property by false pretences or embezzlement,

v.39m—30

and made them all larceny, it does not follow that the common form of an indictment for larceny would answer in all cases. Under the Code there are several distinct acts or ways by which a person may commit or be guilty of larceny; and in accordance with the spirit, at least, of the Bill of Rights, which entitles the accused "to be informed of the nature and cause of the accusation" against him, and the statute prescribing the rule by which the sufficiency of indictments shall be determined, viz., that the act or omission charged as the offence shall be clearly and distinctly set forth, we think that the indictment should charge the act constituting the alleged larceny so as to advise the accused in which one of these different ways he is charged with having committed the crime. See *People* v. *Dumar*, 106 N. Y. 502, (13 N. E. Rep. 325;) *People* v. *Dimick*, 107 N. Y. 13, (14 N. E. Rep 178.) We are aware it has been held otherwise in Virginia, under a somewhat similar statute; but the courts of that state have latterly adhered to the rule, upon the doctrine of *stare decisis*, with apparent doubt as to its correctness. See *Anable* v. *Com.*, 24 Grat. 563.

There are 16 different assignments of error in the admission of evidence. With all due deference to the learned counsel, they are all, in our opinion, so clearly unfounded and untenable as not to require discussion. Much of the evidence objected to was to facts which were undisputed or admitted by the defendant himself. In some cases the ground of the objection, if any, was removed by the subsequent introduction of other evidence. For example, one of the assignments is that the court erred in admitting the return of the sheriff on a subpœna that he could not find E. Swanson, the man to whom the alleged false elevator ticket purported to be issued. This was introduced for the purpose of showing that there was no such a man. The evidence was probably incompetent; but when defendant himself came to testify he did not claim that the ticket was ever issued to any one of that name, but said it was issued to one Oleson, and the name of Swanson inserted by mistake. Again, numerous objections were made to the introduction of elevator ticket No. 155, (the alleged false writing,) and evidence tending to show that defendant gave it to Baseman for the purpose of drawing the money on it. The chief grounds of the objections were that this ticket was

not shown to have been issued by defendant, or identified as one given by him to Baseman; but defendant admitted all this in his testimony.

The last assignment is that the court erred in refusing defendant's motion to dismiss at the close of the evidence. The circumstantial evidence was so strong against the defendant, and the version of the affair given by him and his witness Oleson was surrounded by such an air of improbability, that we think the question of defendant's guilt or innocence was one for the jury.

Order affirmed.