## STATE v. ED. SNYDER.[1]

January 13, 1911.

Nos. 16,950—(27).

**Indictment — offense charged fixed by the facts alleged.**
> The offense charged in an indictment is determined by the facts alleged, and not necessarily by the offense designated by name. Rule applied to an indictment which states facts constituting grand larceny in the first degree, but which designates the offense as grand larceny in the second degree.

**Same — evidence.**
> Under an indictment which states facts constituting grand larceny in the first degree, although designating the offense as in the second degree, the accused may be found guilty in the second degree, if the evidence warrants.

**Construction of verdict.**
> In determining the meaning of the verdict in a criminal case, reference may be made to the evidence and record as well as to the indictment. The

[1]Reported in 129 N. W. 375.

'accused was on trial under an indictment which declared the offense to be grand larceny in the second degree, and the jury returned a verdict that he was "guilty in manner and form as charged in the indictment." The verdict was not ambiguous, and, when considered in connection with the evidence and the record, was a conviction of grand larceny in the second degree.

**Charge to the jury.**

The evidence justified the trial court in charging the jury that the accused could be found guilty in the second degree only.

**Errors favorable to the accused unavailable.**

Errors favorable to the accused are unavailable. Appellant was not prejudiced by the statement of the trial court to the jury that the indictment charged him with the offense of grand larceny in the second degree.

Defendant was indicted in the district court for Cottonwood county for stealing and carrying away in the nighttime from a granary building certain skins of the value of $38. He was tried before P. E. Brown, J., and a jury which returned a verdict of "guilty in manner and form as charged in the indictment" of the offense of grand larceny in the second degree. The subsequent proceedings are narrated in the third paragraph of the opinion. From the judgment entered pursuant to the sentence, and from the order denying motions to set aside the judgment, or to grant a new trial, defendant appealed. Affirmed.

*N. L. Glover* and *J. G. Redding,* for appellant.

*George T. Simpson,* Attorney General, and *O. J. Finstad,* County Attorney, for the State.

LEWIS, J.

Subdivision 2, § 5081, R. L. 1905, provides that a person who steals or unlawfully obtains or appropriates the property of another of the value of more than $25, by taking the same in the nighttime from any building, is guilty of grand larceny in the first degree, and the punishment is imprisonment in the state prison for not less than one nor more than ten years. When the value of the property is less than $25, it is grand larceny in the second degree, and the punishment is imprisonment in the state prison for not more than

five years, or by imprisonment in the county jail for not exceeding one year, or by a fine of not more than $500.

The indictment accused appellant "of the crime of grand larceny in the second degree, committed as follows." The property taken consisted of certain rat, skunk, and mink skins, and the indictment stated the value thereof to be $38.05. The court instructed the jury that appellant was charged by the indictment with the offense of grand larceny in the second degree, and that if he was guilty of any offense it was grand larceny in the second degree. The jury returned the following verdict: "We, the jury, impaneled and sworn to try the guilt or innocence of the above-named defendant, find the above-named defendant, Ed. Snyder, guilty in manner and form as charged in the indictment of the offense of grand larceny in the second degree."

A motion in arrest of judgment was made upon the ground, first, that the indictment charged larceny in the first degree; second, upon the ground that the evidence proved the commission of the crime of grand larceny in the first degree, if anything, and that there was no evidence in support of the crime of larceny in the second degree. The motion was overruled, and the court pronounced the following sentence: "You, Ed. Snyder, stand convicted by verdict of the offense of grand larceny in the second degree as charged in the indictment, and upon said conviction it is now considered by the court that you are guilty of said offense, and as punishment therefor it is further considered by the court, and the sentence and judgment of the court is, that you, Ed. Snyder, be confined at hard labor in our state prison at the city of Stillwater in this state for the term of three years." Judgment was entered, and a motion was then made to set it aside, and, if that motion be denied, that the court vacate and set aside the verdict and grant a new trial. Both motions were denied, and the accused appealed from the judgment and from the order.

The statute requires that an indictment shall contain a statement of the facts constituting the offense in ordinary and concise language, without repetition. The facts stated constitute the crime of larceny in the first degree, and the designation of the offense as larceny in

the second degree was not controlling and a harmless error. The trial and conviction of appellant of grand larceny in the second degree did not constitute a variance, for section 5371, R. L. 1905, authorized conviction of the lesser degree. Appellant might have been found guilty of either offense under this indictment, according to the evidence as to the value of the property.

The property specified in the indictment consisted of thirty-two rat skins, four skunk skins, and one mink skin, of the total value of $38.05. The evidence, as it appears in the bill of exceptions, shows that the value of the property taken was less than $25, and the court was justified in instructing the jury that the only offense of which appellant could be convicted was grand larceny in the second degree. Having so instructed the jury, the verdict must be considered with reference to the instructions and the evidence. The words "in manner and form as charged in the indictment" do not necessarily refer to the value of the property as stated. The form of verdict was prepared by the court. The jury were clearly informed that the accused could be found guilty in the second degree only. The evidence warranted conviction in that degree alone. No one was misled, the result was for the benefit of the accused, and no objection was made to its form.

We are clear that the verdict was not ambiguous, and that appellant understood he was convicted of larceny in the second degree. "There is no set form of words in which a verdict is required to be rendered, and therefore the only rational general rule that can be adopted is: Does it show clearly and without any doubt the intention of the jury and their finding on the issues submitted to them? If it does, it cannot be declared bad, without sacrificing substance and justice to form." Dunnell, Minn. Pr. § 2340.

A verdict is sufficient, if by reference to the pleadings and record it can be made certain. Cohues v. Finholt, 101 Minn. 180, 112 N. W. 12. Errors favorable to the defendant are unavailable. State v. Lindsey, 19 Nev. 47, 5 Pac. 822, 3 Am. St. 776.

Affirmed.

SIMPSON, J., took no part.