## STATE v. RICHARD BRITON.

121 N. W. (2d) 577.

May 3, 1963—No. 38,792.

*Cochrane, Thomson & Bresnahan,* for appellant.

*Walter F. Mondale,* Attorney General, *Charles E. Houston,* Solicitor General, *William B. Randall,* County Attorney, and *Paul E. Lindholm,* Assistant County Attorney, for respondent.

OTIS, JUSTICE.

This is an appeal from a judgment convicting defendant, Richard Briton, of the crime of forgery in the second degree.

It appears from the record that defendant was charged in a complaint which alleges that on May 28, 1961, he "did wrongfully, unlawfully and feloniously utter, offer and put off as true" a forged check in the sum of $30.36 which was presented to and cashed by the proprietor of a grocery store, one Sigurd Reitzel. After a preliminary hearing, defendant was bound over to the district court and arraigned on an amended information in substantially the same language as the complaint, but to which was added the following:

"* * * contrary to the form of the statute in such case made and provided, the same being Section M. S. A. 620.10 said acts constituting Forgery-2nd Degree and against the peace and dignity of the State of Minnesota."

Defendant demurred to the information on the ground it did not aver the elements of forgery in the second degree contained in Minn. St.

620.10 but appeared to allege the crime of "uttering" governed by § 620.19. Defendant also stated that the information was duplicitous in alleging more than one offense. The trial court overruled the demurrer, and defendant was tried, convicted, arraigned on a prior felony information, and sentenced to the State Penitentiary according to law.[1]

■ The facts alleged in the information limit the charge against defendant to the crime of "uttering" a forged writing, which is a violation of § 620.19 making a person who utters a forged writing guilty of forgery in the same degree as if he had forged the writing. These allegations cannot, under any construction of the statute, constitute an offense under § 620.10, which makes no mention of "uttering" but deals exclusively with what constitute acts of forgery. Since the original complaint is confined to the crime of "uttering" a forged instrument, and the amended information refers to a statute which deals entirely with forgery itself, we are of the opinion that defendant's demurrer was well taken and should have been sustained.[2] Where the information alleges facts constituting one offense and concludes with a recitation that they constitute a violation of a statute defining a wholly different offense, defendant is not adequately apprised of the crime with which he is charged and cannot therefore properly prepare his defense.[3]

■ After his conviction and before being sentenced, defendant was arraigned on a prior felony information alleging that he had been convicted in the State of Iowa of the crime of larceny which, if committed in the State of Minnesota, would have been a felony. Defendant admitted being convicted in Iowa but denied that the crime of larceny, as defined in that state, is necessarily a felony in Minnesota.

It appears undisputed that Minn. St. 1949, § 622.06, in effect at the time of the Iowa conviction, defined the stealing of property valued at more than $25 as grand larceny in the second degree, a felony in this

---

[1]While there were two other forged checks in small amounts passed by defendant at about the same time, and he has a long record of similar check-writing offenses, we cannot escape the conclusion that a sentence of up to 20 years in prison is unduly harsh.

[2]Minn. St. 630.23.

[3]See, §§ 628.10 to 628.12; State v. Suess, 236 Minn. 174, 184, 52 N. W. (2d) 409, 416.

state. Iowa Code, §§ 709.1 and 709.2, under which defendant was convicted, make larceny of property valued at more than $20 a felony. However, the state presented evidence that the Iowa conviction was based on the theft of $46.26, and the trial court therefore held that the prior information described a Minnesota felony and was effective to bring defendant under the Habitual Offender Act,[4] doubling the maximum statutory term.

We hold that extrinsic evidence is not admissible to prove that a conviction in a foreign jurisdiction would have been a felony in Minnesota if, by definition, that crime could have constituted an offense which is not a felony in this state. There are two reasons for our coming to this conclusion: (1) To hold otherwise would invite a retrial of prior prosecutions to determine the actual value of property which was the subject of the litigation in the foreign state with all the attendant difficulty of proof; (2) it is conceivable that a defendant in a felony prosecution may fail to contest the value of the property involved, only because in the particular jurisdiction where he is being tried the value charged and the value admitted constitute the same degree of the offense. The difference will not be material unless there is later occasion to determine whether the elements of the crime committed in one state constitute a felony in another state, a remote and unlikely ramification few offenders will have in mind. In reaching this conclusion we are supported by the decision of People v. Olah, 300 N. Y. 96, 89 N. E. (2d) 329, 19 A. L. R. (2d) 219.

We therefore hold that it is the definition of the crime and not the facts in the information which determine the status of an offense for purposes of invoking Minn. St. 610.28.[5] For the reasons stated it was error to charge defendant with the prior felony arising out of his conviction in the State of Iowa.

■ Defendant's third assignment of error has to do with evidence contrived by the defendant's counsel to impeach the credibility of the complaining witness. A few days prior to trial, counsel arranged to

[4] § 610.28.
[5] Our courts take judicial notice of the statutes of other states. State ex rel. O'Neill v. Tahash, 265 Minn. 407, 122 N. W. (2d) 165.

have a witness appear in complainant's store in conspicuous clothing, offer complainant a $2 bill in payment of groceries which he purchased, and ostentatiously drop a milk bottle on the floor. At defendant's trial, counsel asked this witness to stand and interrogated complainant with respect to his identity. The complainant was unable to recall that the witness had patronized his store a few days earlier, and after the witness had taken the stand and described the incident, the court terminated the examination, ruling that the line of inquiry was extraneous to the proceedings. Nevertheless the evidence was not stricken from the record, and counsel for defendant was permitted to use it in arguing to the jury the unreliability of defendant's identification by complainant. While defendant complains of the court's restricting this line of inquiry, we are of the opinion that the court did not abuse its discretion in this respect, and that defendant has not, in any event, been prejudiced.

Since the information is defective, and the demurrer should have been sustained, the judgment is reversed.