## STATE v. DAVID OWENS.

129 N. W. (2d) 284.

June 5, 1964—No. 39,207.

*Robert E. Bowen,* for appellant.

*Walter F. Mondale,* Attorney General, *Charles E. Houston,* Solicitor General, and *John J. McCarten,* County Attorney, for respondent.

MURPHY, JUSTICE.

This is an appeal from a judgment of conviction entered on a plea of guilty to an information charging forgery in the second degree. The defendant contends that under authority of State v. Briton, 265 Minn. 326, 121 N. W. (2d) 577, the information upon which he was arraigned is fatally defective and that he is accordingly entitled to a reversal.

The prosecution resulted from a complaint by one August Lederman who cashed a forged check for the defendant which was endorsed by him. The check was payable to defendant in the sum of $300. It purported to bear the signature of one Bernice Kelly. Bernice Kelly is the sister-in-law of Lederman who had seen the defendant in her company on several occasions. Lederman gave defendant $200 and told him to return the following day for the balance. That evening Lederman telephoned Bernice Kelly and, upon being informed that she did not have an account in the bank upon which the check was drawn, he reported the matter to the county attorney. Defendant was thereafter arrested and arraigned on a warrant before the Alexandria municipal court. He waived preliminary hearing and was bound over to the District Court of Douglas County. Upon arraignment at the opening of the next regular term of that court, he was represented by court-appointed counsel and entered a plea of guilty.

The information, pursuant to which defendant was arraigned, is admitted by the state to be defective. It is identical in all material respects to the informations considered by this court in the recent cases of State v. Briton, *supra,* and State ex rel. Masters v. Tahash, 266 Minn. 348, 123 N. W. (2d) 600. The information in the present case reads as follows:

"I, John J. McCarten, County Attorney for said County, hereby inform the Court that on the 29th day of January in the year 1963, at said County David Owens did wilfully, wrongfully and unlawfully, with intent to defraud, utter and dispose of and put off as true to and upon the said August J. Lederman a certain false and forged instrument in writing, commonly known as and called a bank check, which said bank check was in words and figures as follows, to-wit:

\* \* \* \* \*

and which said bank check had endorsed and written upon and across the back thereof the name 'David Owens', and which said bank check purported to be the act of another, to-wit: one Bernice Kelly, by which a pecuniary obligation purported to have been created, but which said bank check was false, forged and untrue, which the said David Owens then and there well knew, and by which said false, forged and untrue instrument in writing the property of another, to-wit: the said August J. Lederman, was affected and injured, contrary to the form of the statute in such case made and provided, the same being Section 620.10 (2), said acts constituting Forgery in the Second Degree and against the peace and dignity of the State of Minnesota."

This information is defective in that the citation of Minn. St. 1961, § 620.10(2),[1] is incorrect. Section 620.10(2) contains no reference to "uttering" but deals exclusively with the act of forging an instrument. Uttering a forged instrument is a separate crime under Minn. St. 1961, § 620.19. Section 620.19 declares that one who utters a forged instrument "[s]hall be guilty of forgery in the same degree as if he had forged the same." Thus, the information properly charged defendant with "Forgery in the Second Degree," the only error being the section number referred to.

▮ The recent cases involving such defective informations can readily be distinguished. In State v. Briton, *supra,* the objection was originally raised by demurrer to the information. The demurrer was overruled, defendant plead not guilty and was convicted. On appeal from

---

[1]Forgery and related crimes are now covered by L. 1963, c. 753, §§ 609.625 to 609.655.

the judgment of conviction, we reversed. Unlike the case before us, the objection to the information was originally raised upon arraignment and the error was preserved throughout the subsequent proceedings and appeal. In State ex rel. Masters v. Tahash, *supra,* no appeal was taken and the identical issue was first raised in habeas corpus proceedings. We there held that although the information was defective it was not a defect of such a nature as to prevent the court from acquiring jurisdiction so that its judgment was subject to collateral attack.

Here the question of the sufficiency of the indictment is first raised on appeal from a conviction based on a plea of guilty. In the Masters case we discussed the effect of the asserted defect and concluded (266 Minn. 352, 123 N. W. [2d] 603) that it amounted to nothing more than "mere surplusage or an irregularity" and held that the defendant "having suffered no prejudice to any substantial rights, must be deemed to have waived such irregularity by his plea." We are of the view that the same holding should apply here. The purpose of an indictment or information is to inform the defendant of the nature of the particular offense with which he is charged so that he may intelligently defend against it. The general tests by which the sufficiency of indictments and informations is determined are set forth in Minn. St. 628.18, which provides:

"The indictment[2] shall be sufficient if it can be understood therefrom:

\* \* \* \* \*

"(6) That the act or omission charged as the offense is clearly and distinctly set forth, in ordinary and concise language, without repetition;

"(7) That the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment, upon a conviction, according to the right of the case."

■ No indictment or information shall be deemed insufficient by reason of a defect in matter of form which does not tend to prejudice

---

[2]This section also applies to informations. Minn. St. 628.30.

the substantial rights of defendant upon the merits. State v. Mancino, 257 Minn. 580, 102 N. W. (2d) 504; State v. Oman, 265 Minn. 277, 121 N. W. (2d) 616. This rule is expressed by statute, § 628.19, which provides in part as follows:

"No indictment shall be insufficient, nor shall the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

■ The offense charged in an indictment is determined by the facts alleged and not necessarily by the name by which it is designated. State v. Snyder, 113 Minn. 244, 129 N. W. 375. We have held that where an indictment charges two offenses, but one inadequately, the latter may be disregarded as surplusage. State v. Henn, 39 Minn. 464, 40 N. W. 564. Here the information tells the defendant in clear and concise language that at a certain time and place he did "utter and dispose of" a false and forged instrument fully pleaded in the information. The information charges intent to defraud, which is the gist of the offense; states the name of the person to whom the instrument was uttered; and alleges all of the essential elements of the offense of uttering as defined by Minn. St. 1961, § 620.19. The fact that the information concluded with the statement that his act was contrary to the provisions of § 620.10(2), constituting the offense of forgery in the second degree, is deemed not to have misled or prejudiced the defendant in the absence of a timely objection which permits the prosecutor and the court to clarify and correct the information.

■ The rule that citation of the wrong statute in an indictment or information will be treated as mere surplusage when first raised on appeal, unless the defendant was misled or prejudiced, is well supported by authorities in other jurisdictions. In discussing the same issue in Williams v. United States, 168 U. S. 382, 389, 18 S. Ct. 92, 94, 42 L. ed. 509, 512, the court said:

"* * * It is wholly immaterial what statute was in the mind of the District Attorney when he drew the indictment, if the charges made are embraced by some statute in force. The indorsement on the margin

of the indictment constitutes no part of the indictment and does not add to or weaken the legal force of its averments. We must look to the indictment itself, and if it properly charges an offense under the laws of the United States, that is sufficient to sustain it, although the representative of the United States may have supposed the offense was covered by a different statute."

Other authorities support the rule that where the specific acts constituting the offense with which the defendant is charged are set forth in the indictment with a sufficient degree of certainty to inform the defendant of the crime with which he is charged, the designation of the wrong statute is immaterial. People v. Aresen, 91 Cal. App. (2d) 26, 204 P. (2d) 389; Scott v. State, 49 Del. 401, 117 A. (2d) 831; Scott v. State (Okla. Cr.) 316 P. (2d) 192; State v. Brown, 72 N. Mex. 274, 383 P. (2d) 243; People v. Wolfe, 338 Mich. 525, 61 N. W. (2d) 767; State v. Morton, 142 Me. 254, 49 A. (2d) 907; People v. Meyers, 207 Misc. 431, 138 N. Y. S. (2d) 613.

In the present case there is nothing by way of demurrer or other objection to suggest that defendant did not fully understand the charge set forth in the information. In fact, the indications are to the contrary. The court inquired concerning the defendant's understanding of the charge as follows:

"THE COURT. Having heard the reading of the information how do you plead to the offense charged therein, guilty or not guilty?

"DEFENDANT. Guilty.

"THE COURT. Before accepting your plea I will inquire of you whether you fully understand the significance of a plea of guilty to forgery in the second degree, which is a felony?

"DEFENDANT. Yes, sir.

"THE COURT. That is punishable by imprisonment in either the State Reformatory or State Prison, you understand that?

"DEFENDANT. Yes, sir.

"THE COURT. Mr. DeRuyter, have you fully explained his rights to him?

"MR. DERUYTER. I have, your honor.

"The Court. You think it is proper he enter a plea at this time?

"Mr. DeRuyter. I do.

"The Court. Based upon your investigation?

"Mr. DeRuyter. Yes, sir.

"The Court. The plea of guilty may be entered."

■ There is no support in the record for the defendant's other claims that he was induced to enter a plea of guilty on the representation of the county attorney that he would not be imprisoned if he entered a plea of guilty, or on the representation of his own lawyer that he was a "cinch for probation," or that he did not receive competent legal representation. The file contains the following statement signed by the defendant:

"1. This is to acknowledge the fact that I have been advised and counseled by my appointed defense counsel, Mark De Ruyter of Alexandria, Minnesota, of my legal rights; the elements of the offense of which I am charged; evidence to be introduced by the defense counsel and evidence anticipated to be introduced by the Douglas County Attorney; all of the foregoing as they apply to my trial on the charge of Second Degree Forgery.

"2. That I have made my decision to plead guilty to the charge of Second Degree Forgery, and that this decision was made of my own free will and accord, and that such action is my own free and voluntary act.

"Dated at Alexandria, Minnesota, this 4th day of March, 1963."

The defendant was sentenced to the State Prison on the recommendation of the Department of Corrections. The department did not base its recommendation on the seriousness of the present offense but on the defendant's history of passing bad checks and the feeling he needed "an opportunity to regain control of his activities." Essentially the burden of the defendant's appeal is that the penalty imposed was greater then he expected or than was justified. The merits of this claim should be directed to the Adult Corrections Commission and not to the court.

Affirmed.