STATE v. JAMES R. CLARK.

131 N. W. (2d) 204.

July 3, 1964—No. 39,260.

*David F. Fitzgerald,* for appellant.

*Walter F. Mondale,* Attorney General, *William B. Randall,* County Attorney, and *Phyllis Jones,* Assistant County Attorney, for respondent.

FRANK T. GALLAGHER, C.

This is an appeal from a judgment of conviction entered on a plea of guilty to an information charging forgery in the second degree. Defendant challenges the sufficiency of the information, which reads as follows:

"I, William B. Randall, County Attorney for said County, hereby inform the Court that on or about the 14th day of September, in Year 1961, at said County, James R. Clark then and there being, did wrongfully, unlawfully, and feloniously utter, offer and put off as true to and upon one Kramms Food Markets, Inc., a certain false and forged writing and order for the payment of money, in the words and figures as follows, to-wit:

\* \* \* \* \*

"with the intent then and there had and entertained by him, the said James R. Clark, to cheat and defraud the said Kramms Food Markets,

Inc., the said order and writing for the payment of money being then and there false and forged as he, the said James R. Clark, then and there well knew, contrary to the form of the statute in such case made and provided, the same being Section M. S. A. 620.10 said acts constituting Forgery-2nd Degree and against the peace and dignity of the State of Minnesota."

Reading of the information was waived by defendant's counsel, after defendant stated to the court that it had previously been read to him, that he had been furnished with a copy, and that he understood the charge. Before sentencing, defendant, being questioned by the prosecutor, admitted uttering a forged instrument. He admitted that he pleaded guilty to the crime of forgery in the second degree, uttering a forged instrument; that he understood the nature of the crime to which he had pleaded guilty; that no promises had been made to him in an effort to make him plead guilty; and that he entered his plea of his own free will.

The information set out above is defective in that the citation of Minn. St. 1961, § 620.10,[1] is incorrect. Section 620.10 contains no reference to "uttering" but deals exclusively with the act of forging an instrument. Uttering a forged instrument is a separate crime under Minn. St. 1961, § 620.19. Section 620.19 declares that one who utters a forged instrument "[s]hall be guilty of forgery in the same degree as if he had forged the same." Thus, the information properly charged defendant with "Forgery-2nd Degree," the only error being the section of the statutes referred to.

Defendant was sentenced to not more than 5 years in prison, although he had three previous felony convictions. He makes no claim that he was actually misled by the incorrect citation in the information. On the contrary, it appears clear from the record that he understood he was charged with uttering a forged instrument and fully admitted the elements thereof. The only claim of prejudice made here is the alleged danger that, because of the incorrect citation in the informa-

---

[1]Forgery and related crimes are now covered by L. 1963, c. 753, §§ 609.625 to 609.655.

tion, defendant may be tried a second time for the crime of uttering a forged instrument.

The same question raised here has been settled since this appeal was brought by this court's opinion in State v. Owens, 268 Minn. 321, 129 N. W. (2d) 284. The instant case is substantially identical to the Owens case in that the sufficiency of the information was first attacked on appeal following a plea of guilty. The absence of any confusion or prejudice in the case before us seems even more clear than in the Owens case.

Defendant assigns as error that the trial court erred in allowing judgment of conviction to be rendered, sentence imposed, and warrant of commitment issued upon a substantially defective information.

Defendant cites among other cases State ex rel. Masters v. Tahash, 266 Minn. 348, 123 N. W. (2d) 600; and State v. Briton, 265 Minn. 326, 121 N. W. (2d) 577. In the Masters case no appeal was taken and the identical issue was first raised in habeas corpus proceedings. We held there that even though the information was defective it was not a defect of such a nature as to prevent the court from acquiring jurisdiction so that its judgment was subject to collateral attack. In the Briton case we found an information defective which was identical to the one in the instant case. However, the rule we adopted there was applied under circumstances where (1) the information was challenged in an appropriate manner by demurrer; (2) the information was challenged prior to the entry of a plea; (3) a plea of not guilty was entered; and (4) the insufficiency of the information was raised upon appeal from the judgment of conviction.

Citation of a wrong statute in an indictment or information will be treated as mere surplusage when first raised on appeal unless it appears that the defendant was misled or prejudiced. State v. Owens, *supra*. Defendant has been convicted of uttering a forged instrument under Minn. St. 1961, § 620.19, and may not hereafter be tried again under that statute for the offense here involved.

It is our opinion that the judgment appealed from should be affirmed.

Affirmed.