STATE v. FRANKLIN P. LEHN.

134 N. W. (2d) 329.

April 2, 1965—No. 39,439.

504

 

*John T. Burns,* for appellant.

*Robert W. Mattson,* Attorney General, *George M. Scott,* County Attorney, and *Philip J. Bloedel,* Assistant County Attorney, for respondent.

FRANK T. GALLAGHER, C.

Appeal from a judgment of conviction in the district court.

On September 3, 1963, a complaint was issued out of the municipal court of Minneapolis charging defendant, Franklin P. Lehn, with forgery in the second degree by uttering and putting off as true, with intent to defraud, a forged check bearing the name of Douglas Ralston as drawer. The complaint cited Minn. St. 620.10 and 620.19.

After a preliminary hearing in said court, at which defendant was represented by the public defender, he was bound over for trial in district court. The same allegations as appeared in the complaint were repeated in the information filed by the county attorney of Hennepin County.

The case was continued from time to time until September 23, 1963, when the defendant, represented by the public defender, entered a plea of not guilty. The case came on for trial on September 27, 1963. The defendant appeared in person and was still represented by the public defender. The county attorney informed the court that the defendant wished to change his plea. The latter was asked by the

clerk if it was his desire to plead guilty, and he replied that it was. He was then sworn and questioned by his counsel.

He testified that his true and correct name was Franklin P. Lehn; that he was 21 years old, married, and lived in Minneapolis; that he had been charged by information with the crime of forgery in the second degree; that he had been represented in municipal court appearances and at the preliminary hearing by the public defender; and that since he was bound over to the district court and while in jail, he had discussed the information and the nature of the crime involved with his counsel. He admitted that said counsel had advised him that he was entitled as a matter of right to have his innocence or guilt determined by a jury; that in the event of trial by jury or by the court, he was presumed innocent until a verdict was returned finding him guilty or not guilty; that the burden was on the state to prove his guilt beyond a reasonable doubt; and that in the event of his guilt or with a guilty plea, the penalty could be up to 10 years in the State Reformatory. He stated that there was no phase of these proceedings as far as his rights were concerned that had not been explained to him.

His counsel continued the questioning in part as follows:

"Q Now, on or about the 20th day of August, 1963, in the City of Minneapolis, Hennepin County, you were charged with having given a check to E & J Motors in the amount of $450.00. Actually, it was a so-called counter check with Marquette National Bank written in as the bank. * * *

"A Yes, sir.

"Q And that check was given for an automobile, is that correct?

"A Yes, sir.

"Q And the name you signed was Douglas Ralston, is that correct?

"A Yes, sir.

"Q And at the time you gave that check, did you have a bank account at the Marquette National Bank?

"A No, sir.

"Q And at the time you signed the check the name Douglas Ralston was not your correct legal name, is that true?

"A That is true, sir. That was my alias.

"Q You have used the name Douglas Ralston in the past for perhaps maybe a year at various times, is that correct?

"A Yes, sir.

"Q And you then, after giving the check, obtained possession of the automobile and left the car lot, is that correct?

"A That is true, sir.

"Q And you were apprehended some two or three days later, I believe, driving that car, is that correct?

"A That is true and correct, sir.

\* \* \* \* \*

"THE COURT: You are satisfied, I think you have indicated, that you have had an adequate opportunity to go over this with your lawyer, and you have no question about your rights in this matter?

"THE DEFENDANT: No, Your Honor, I am very well satisfied with the counsel I have received from the Public Defender's office."

The county attorney then asked the defendant if his plea of guilty to the charge was of his own free will and accord, and he answered yes and said that neither the county attorney's nor the public defender's officers, the court, or anyone else had made him any promises.

The court thereupon announced that a plea of guilty would be accepted. Defendant's counsel requested a presentence investigation, and the court referred the matter to the Department of Court Services for that purpose. Thereafter defendant appeared in court with the public defender, and, after again being sworn and questioned in connection with his age, residence, background, previous records, and arrests, he was sentenced to the State Reformatory for a term not to exceed 5 years.

About 3 weeks later, when the county attorney learned that the defendant was only 20 years old, he obtained a writ of habeas corpus ad prosequendum to have him returned to the district court to be resentenced. Upon his return, the court, after verifying his true age as 20, sentenced him indeterminately to the custody of the Youth Conservation Commission, noting that the court was unable to limit this

sentence. Defendant claims this, in effect, extended his term an additional 5 years; that the resentencing procedure was illegal; and that he should have been rearrested and reprosecuted after his release on habeas corpus.

He assigns as error (1) that the trial court erred in sentencing him upon an information which did not state a public offense; (2) that it erred in accepting a plea of guilty to a charge of second-degree forgery; (3) that he was inadequately represented by counsel; and (4) that he was denied his constitutional rights to due process and equal protection of the law, that he was illegally sentenced, and that it was error to amend the sentence by proceeding in the nature of a writ of habeas corpus ad prosequendum, as the court should have discharged him from custody pending his rearrest.

1-2. The information here informed the court "that FRANKLIN P. LEHN committed the crime of FORGERY IN THE SECOND DEGREE, (Minnesota Statutes 1961, Sections 620.10 and 620.19)"; that on or about August 20, 1963, at Minneapolis, Hennepin County, Minnesota, he "willfully, unlawfully, wrongfully, knowingly and feloniously, with intent to defraud," uttered, disposed of, and put off as true to and upon E. & J. Motors, Inc., a Minnesota corporation, a false and forged instrument in writing commonly known as a bank check, dated August 20, 1963, drawn on the Marquette National Bank, Minneapolis, payable to "E & J Motors" in the sum of $450, in which for value received he represented that this amount was on deposit in said bank in his name, free from claims, and "subject to this check" which was signed "Douglas Ralston." The information went on to state that said check purported to be the act of another, to wit: Douglas Ralston, "by which a pecuniary obligation purported to have been created," but that the check was false, forged, and untrue, which Franklin P. Lehn "then and there well knew," and by which false, forged, and untrue instrument in writing, the property of E. & J. Motors, Inc., and others unknown, might be affected and injured, contrary to the statute.

Defendant argues that the information on its face charged him with the violation of two statutes, Minn. St. 620.10 and 620.19, and that

therefore he was not apprised of the crime with which he was charged and does not know to which crime he pleaded guilty. The state contends, however, that a parenthetical reference to both the uttering and false-making statutes—where reference to the latter is necessary to determine the degree of the crime charged—does not make defective an information alleging that the defendant uttered and disposed of a forged check "contrary to the statute." Section 620.10 contains no reference to "uttering," but deals exclusively with the act of forging an instrument. Uttering a forged instrument is a separate crime under § 620.19, which section declares that one who utters a forged instrument "[s]hall be guilty of forgery in the same degree as if he had forged the same."[1]

The general tests by which the sufficiency of indictments and informations is determined are set forth in § 628.18, which provides:

"The indictment[2] shall be sufficient if it can be understood therefrom:

\*　　\*　　\*　　\*　　\*

"(6) That the act or omission charged as the offense is clearly and distinctly set forth, in ordinary and concise language, without repetition;

"(7) That the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment, upon a conviction, according to the right of the case."

No indictment or information shall be deemed insufficient by reason of a defect in matter of form which does not tend to prejudice the substantial rights of defendant upon the merits. State v. Mancino, 257 Minn. 580, 102 N. W. (2d) 504; State v. Oman, 265 Minn. 277, 121 N. W. (2d) 616. This rule is expressed in § 628.19, which provides in part:

"No indictment shall be insufficient, nor shall the trial, judgment,

---

[1] Forgery and related crimes are now covered by L. 1963, c. 753, §§ 609.625 to 609.655.

[2] This section also applies to informations. §§ 628.29, 628.30.

or other proceedings thereon be affected, by reason of a defect or imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

It is our opinion that the information here is sufficient to comply with the statutory requirements; that it does not tend to prejudice the substantial rights of defendant on the merits; and that it informed him of the nature of the particular offense with which he was charged so that he could intelligently defend against it if he chose to do so.

The defendant argues that the information in this case is not unlike the one before this court in State v. Briton, 265 Minn. 326, 121 N. W. (2d) 577. We do not consider that case controlling under the facts here. The rule we adopted in Briton was applied where the information was challenged in an appropriate manner by demurrer; it was challenged prior to the entry of a plea; a plea of not guilty was entered; the defendant was tried and appealed from the judgment of conviction. While it is true that we held in that case that the information was fatally defective because it did not adequately apprise the defendant of the offense with which he was charged, we cannot say that was the situation here.

In the instant case, the defendant pleaded guilty to the charge. Before sentence he admitted that he had been advised by his attorney and understood his rights; that the name he signed on the check was not his correct legal name but an alias; and that after giving the check, he obtained possession of the car. He also told the court that he had no question about his rights in the matter. The record satisfies us that the defendant was well informed of the charges against him in the information and that the offense was stated with such a degree of certainty as to permit the court to accept his plea of guilty and pronounce judgment thereafter.

In State v. Owens, 268 Minn. 321, 129 N. W. (2d) 284, we held that the citation of an inapplicable statute in an indictment or information will be treated as mere surplusage when first raised on appeal unless it appears that the defendant was misled or prejudiced. We do not consider that the defendant under the record here was misled or prejudiced. See, also, State v. Clark, 268 Minn. 429, 131 N. W. (2d) 204.

3. It appears to us that defendant on his own admission was adequately represented by counsel and that the matters raised in his third assignment of error do not constitute reversible error. State ex rel. Crossley v. Tahash, 263 Minn. 299, 116 N. W. (2d) 666; State ex rel. Norgaard v. Tahash, 261 Minn. 106, 110 N. W. (2d) 867.

4. We see no merit to defendant's fourth assignment of error that he was denied his constitutional rights to due process and equal protection of the law, and that he was illegally sentenced. With respect to his claim that the court erred in amending the sentence by a proceeding in the nature of a writ of habeas corpus ad prosequendum and that it should have discharged him from custody pending his rearrest, it is our opinion that the court acted within its authority and discretion under the facts and circumstances here. It must be remembered that it was defendant's misrepresentation of his age that caused the trial judge to sentence him to the State Reformatory instead of to the custody of the Youth Conservation Commission in the initial sentence. Upon learning that he had been misinformed by the defendant, the court under the circumstances here acted properly in having him returned to correct the error in his sentence. Minn. St. 484.03 provides that the district courts—

"* * * shall have power to issue writs of injunction, ne exeat, certiorari, habeas corpus, * * * and all other writs, processes, and orders necessary to the complete exercise of the jurisdiction vested in them by law * * *. Any judge thereof may order the issuance of such writs, and direct as to their service and return."

Section 589.28 provides that nothing therein shall prevent any court from issuing a writ of habeas corpus necessary or proper to bring before it any prisoner for trial or to be examined as a witness in any action or proceeding, civil or criminal, pending in such court.

We believe that our statutes are broad enough to authorize the court to issue the writ of habeas corpus ad prosequendum, as was done in this case, in order to permit it to return the defendant for a correction of an erroneous sentence. See Carbo v. United States, 364 U. S. 611, 618, 81 S. Ct. 338, 342, 5 L. ed. (2d) 329, 335, where the United States Supreme Court described the ad prosequendum writ as "neces-

sary as a tool for judicial potency as well as administrative efficiency." Downey v. United States, 67 App. D. C. 192, 91 F. (2d) 223, approved use of the writ of habeas corpus ad prosequendum to return a prisoner before the sentencing court to correct or clarify a sentence.

Affirmed.