## STATE v. MARVIN SCHULTZ.

136 N. W. (2d) 534.

July 2, 1965—No. 39,518.

*Larry J. Rietz,* for appellant.

*Robert W. Mattson,* Attorney General, *J. Earl Cudd,* Solicitor General, and *Loren M. Barta,* County Attorney, for respondent.

THOMAS GALLAGHER, JUSTICE.

In an information filed in the District Court of Steele County it was charged that—

"* * * on the 13th day of December in the year 1962, at said County, Marvin Schultz did willfully, unlawfully, wrongfully, know-

ingly and feloniously, with intent to defraud, utter, dispose of and put off as true to and upon Whiteis Motel, Inc. * * * a certain false and forged instrument in writing, commonly known as and called a bank check * * * in words and figures as follows * * *:

| "E. A. Schuch | 22-10 |
| 897 Ashland Avenue | 418—— |
| St. Paul 4, Minn. | 960 |
| 12/8 | 1962 |

Pay To The
Order of          Marvin Schultz          $69.00
Sixty-nine and 00/100................................................................Dollars

/s/ E A Schuch

Northwestern National Bank
St. Paul, Minnesota

and which said bank check purported to be the act of * * * one E. A. Schuch, by which a pecuniary obligation purported to have been created, but which said bank check was false, forged and untrue, which the said Marvin Schultz then and there well knew, and by which false, forged and untrue instrument in writing, the property of another, to-wit: of the said Whiteis Motel, Inc., a corporation as aforesaid, and others to the complainant unknown, might be affected and injured; contrary to the form of the statute * * * the same being Section 620.19[1] and 620.10,[2] said acts constituting Forgery,

---

[1]Minn. St. 1961, § 620.19, provides: "Every person who, knowing the same to be forged or altered, and with intent to defraud, shall utter, offer, dispose of, or put off as true, or have in his possession with intent to utter, offer, dispose of, or put off:

"(1) A forged seal or plate, or any impression of either;

"(2) A forged coin; or

"(3) A forged will, deed, certificate, endorsement, record, instrument, or writing, or other thing, the false making, forging, or altering of which is punishable as forgery—

"Shall be guilty of forgery in the same degree as if he had forged the same." (Repealed by L. 1963, c. 753, art. II, § 17.)

[2]Minn. St. 1961, § 620.10, provides: "Every person who, with intent to defraud:

2nd degree, and against the peace and dignity of the State of Minnesota."

On April 1, 1963, defendant appeared for arraignment with court-appointed counsel. The arraignment was then continued to April 16 so that he would have additional time to confer with his counsel. On April 16 he again appeared with his counsel for arraignment and at that time the court made a diligent inquiry of him as to whether he had been advised by his counsel with respect to his right to a trial by jury, the presumption of innocence which operated in his favor, and the burden of the state to prove him guilty beyond a reasonable doubt. Having been assured by defendant that he had been so advised, the court then proceeded with the arraignment. At that time his counsel waived reading of the information, and defendant interposed his plea of "not guilty." The case was then set for trial April 23, 1963. On that date, defendant appeared with his counsel and moved to withdraw the plea of "not guilty." The court thereupon made inquiry as follows:

"The Court: Any objection to that motion, Mr. Barta?

---

\* \* \* \* \*

"(2) Shall forge a record of a will, conveyance, or instrument of any kind, the record of which is by the law of this state made evidence, or of any judgment, order, or decree of any court or officer, or a certified or authenticated copy thereof;

\* \* \* \* \*

"An instrument or writing, being or purporting to be the act of another, by which a pecuniary demand or obligation is or purports to be or to have been created, increased, discharged, or diminished, or in any manner affected, or by which any rights or property whatever are or purport to be or to have been created, transferred, conveyed, discharged, increased, or diminished, or in any manner affected, the punishment for forging, altering, or counterfeiting which is not hereinbefore prescribed, by which false making, forging, altering, or counterfeiting any person may be bound, affected, or in any way injured in his person or property;

\* \* \* \* \*

"Shall be guilty of forgery in the second degree." (Repealed by L. 1963, c. 753, art. II, § 17.)

"Mr. Barta [county attorney]: No, your Honor.

* * * * *

"The Court: That motion is granted. Would you step up here, Schultz? In connection with the charge of forgery in the second degree you stand before the Court as though you had not at this point entered a plea to this charge. Have you had sufficient opportunity to discuss this matter with * * * [your counsel] so that you know your constitutional and statutory rights?

"The Defendant: Yes.

"The Court: Do you know the possible penalties you subject yourself to on a plea of guilty?

"The Defendant: Yes, I do.

* * * * *

"The Court: This information charges you with the crime of forgery in the second degree, having forged the name of a person by the name of E. A. Schuch to a check which was on the 13th day of December, 1962, given to some one at the Whiteis Motel here in the City of Owatonna. Are you ready at this time to enter a plea to this information?

"The Defendant: Yes.

"The Court: What is your plea, guilty or not guilty?

"The Defendant: Guilty."

Defendant was thereupon sworn and testified as follows:

"By the Court:

* * * * *

"Q. * * * now with reference to the crime of forgery in the second degree the information indicates that you apparently had a check in your possession with the printed name of E. A. Schuch on it and that you signed E. A. Schuch's name to it after having made it out and passed it at the Whiteis Motel, is that right?

"A. The check was made out payable to me but it had Schuch's signature on the check but I put on my own signature on the check.

"Q. What signature did you put on it?

"A. My name is Marvin Schultz and I had my signature on it

but check was made out like Mr. Schuch made the check out to me, that is the way the check was made out, payable to Marvin Schultz, and it was signed E. A. Schuch.

"Q.   What did you add to it?

\*     \*     \*     \*     \*

"A.   Well, I filled the check out. \* \* \*

"Q.   Is the check in your possession, Mr. Barta? The record may show that the Court hands to the defendant what appears to be the check involved in these proceedings \* \* \* made payable to Marvin Schultz and it is signed E. A. Schuch?

"A.   Yes.

"Q.   What part of the writing on the check did you put there?

"A.   I put it all there, all the writing.

\*     \*     \*     \*     \*

"Q.   What did you do with this check after you had written it out?

"A.   Well, I passed it to the—passed to the fellow at the Whiteis Motel. \* \* \*

\*     \*     \*     \*     \*

"Q.   What did you get in return for the check?

"A.   I took a room there, I believe for—I am not quite sure if it was three days or something, but I didn't stay there, but I believe I filled my car with gas, I am not sure whether I got that out, and I got the rest in money \* \* \*.

\*     \*     \*     \*     \*

"Q.   Whatever you paid together with the cash you got amounted to $69.00?

"A.   That is true.

\*     \*     \*     \*     \*

"The Court: All right. Would you step over here, Schultz? Taking first the offense of forgery in the second degree, on your plea of guilty it is now the judgment of this Court that you are guilty of the offense charged in the information, that of forgery in the second degree."

On June 11, 1963, defendant appeared with his counsel for sen-

tencing. The court then had before it the presentence investigation report which showed defendant's previous convictions for forgery and grand larceny and sentenced him to the State Prison at Stillwater for a period not to exceed 10 years for forgery in the second degree.[3]

On appeal it is defendant's contention that (1) the information was defective in that it charged him with the commission of two separate and distinct crimes, to wit, forgery in the second degree under Minn. St. 620.19 in uttering a forged check; and forgery in the second degree under § 620.10 in forging a check, thereby misleading or placing him in double jeopardy; and (2) due process was denied to him because counsel had failed to attack the information for duplicity.

■ Tests for determining the sufficiency of indictments and informations are set forth in Minn. St. 628.18[4] and 628.19.[5] These sections are applicable to informations as dictated by § 628.30. In construing them, we have held that where an information is defective because of surplusage this would not invalidate a conviction thereunder unless the accused was misled or prejudiced thereby. State v. Clark, 268 Minn. 429, 131 N. W. (2d) 204;[6] State v. Henn, 39 Minn. 464, 40 N. W. 564.

---

[3]Defendant was also sentenced at this time on a charge of escape for a period not to exceed 7 years, the two sentences to run concurrently.

[4]Minn. St. 628.18 provides: "The indictment shall be sufficient if it can be understood therefrom:

\* \* \* \* \*

"(6) that the act or omission charged as the offense is clearly and distinctly set forth, in ordinary and concise language, without repetition;

"(7) that the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment, upon a conviction, according to the right of the case."

[5]Minn. St. 628.19 provides in part: "No indictment shall be insufficient, nor shall the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

[6]In State v. Clark, 270 Minn. 538, 134 N. W. (2d) 857, this court manifested its conclusion not to adhere to State v. Briton, 265 Minn. 326, 121 N. W. (2d) 577, relied upon by defendant. See, also, State v. Owens, 268 Minn. 321, 129 N. W. (2d) 284; State ex rel. Masters v. Tahash, 266 Minn. 348, 123 N. W. (2d) 600.

In the instant case, it is difficult to believe that defendant was misled or prejudiced by the language of the information. His responses to the inquiries of the court at the time of his arraignment and at the time of his plea and sentence manifested his clear understanding that the charge against him was for uttering a check for $69 to the Whiteis Motel at Owatonna for which he received $69 in cash or the equivalent and upon which he had forged the signature of another. His statement that he had placed all the writing on the check and had passed it to the "fellow at the Whiteis Motel" would remove any doubt that he did not understand the charge against him when he entered his plea. See, State v. Owens, 268 Minn. 321, 129 N. W. (2d) 284; State v. Clark, 268 Minn. 429, 131 N. W. (2d) 204; State ex rel. Masters v. Tahash, 266 Minn. 348, 123 N. W. (2d) 600. Nor would the fact that the information charged him with violation of two statutes render the proceedings defective. The evidence clearly establishes that he was guilty of violating both statutes. The recitation of the facts in the information, as well as in the court's statement to him, establish beyond question that he was charged with and convicted of violation of § 620.19 rather than § 620.10. His contention that this placed him in double jeopardy would not follow. Rather, it would seem to have the opposite effect, for were he later charged with violation of § 620.10, he could assert with validity that this had been disposed of in the present proceedings.

■ We find no merit in defendant's contention that his court-appointed counsel was incompetent to the extent of constituting a denial of due process because he had not challenged the information on the grounds of duplicity. Had he done so, the court, upon motion by counsel for the state, would have authorized an amendment to correct and clarify it if necessary. As held in State v. Owens, *supra,* the fact that it set forth that defendant's actions as described therein were contrary to the provisions of § 620.10, could not have misled or prejudiced him, particularly where an objection would have merely permitted the court to clarify and correct it.

The judgment appealed from is affirmed.