## HOWARD HAYES v. STATE.

169 N. W. (2d) 9.

June 13, 1969—No. 41115.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, *William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Murphy, Rogosheske, Sheran, and Peterson, JJ.

PER CURIAM.
Appeal from an order of the district court denying postconviction relief to defendant who, on October 2, 1962, was sentenced after a plea of guilty to an information charging him with second-degree forgery in violation of Minn. St. 1961, § 620.10. Defendant contends that at the time he entered a plea of guilty he was misled as to the precise nature of the charge against him and that he was denied effective assistance of counsel.

The information alleged that —

"* * * on the 17th day of April, in Year 1962, at said County, Howard H. Hayes then and there being, together with Eunice Pearl Kuefner, did wrongfully, unlawfully, and feloniously utter, offer and put off as true to and upon one Dayton's Inc. a certain false and forged writing and order for the payment of money, in the words and figures as follows: to-wit:

'No. 108
April 17 1962  22-1
―――
960

PAY
TO THE
ORDER OF ...............Eunice P. Kuefner...............$25.00
Twenty-five and no 100/DOLLARS
                                                    .
                                            ACCOUNT NO. 206
THE FIRST NATIONAL BANK        /s/    James R. Brook
of Saint Paul, Minnesota              708 Dayton Ave.
                                      Ca. 6-8009'

with the intent then and there had and entertained by him, the said Howard
H. Hayes, together with Eunice Pearl Kuefner, to cheat and defraud the said
Dayton's, Inc., the said order and writing for the payment of money being
then and there false and forged as he, the said Howard H. Hayes, together
with Eunice Pearl Kuefner, then and there well knew, contrary to * * *
M.S.A. 620.10 said acts constituting Forgery-2nd Degree (Uttering) * * *.'

The state argued that there was a scheme or plan by which Eunice Kuef-
ner was used as an agent for uttering checks made out by defendant, the
proceeds of which would be returned to him. Mrs. Kuefner testified that she
saw defendant make out a check payable to her, signed "James R. Brook,"
and, pursuant to their understanding, she was to cash the check at a depart-
ment store in payment of a $4 or $5 purse and give the balance of the $25
to defendant. She testified that, while there was no express agreement
regarding the division of the proceeds, defendant knew that she was going to
take the check and cash it and give him part of the money as she had done
on previous occasions.

On arraignment in district court, defendant entered a plea of not guilty,
which he later withdrew and entered a plea of guilty. The court questioned
defendant thoroughly, establishing his pattern of executing forged checks —
giving them to Mrs. Kuefner to cash and return the money to him. De-
fendant stated that he talked the matter over with his attorney and under-
stood the elements of the offense with which he was charged, and he
declared that no threats or promises were made to him. At the postcon-
viction hearing, no testimony was taken. Defendant's counsel argued that
the information was defective in that defendant was misled as to the crime
with which he was charged and so could not properly prepare his defense.

Defendant relies on State v. Briton, 265 Minn. 326, 121 N. W. (2d) 577;
State ex rel. Masters v. Tahash, 266 Minn. 348, 123 N. W. (2d) 600; State
v. Owens, 268 Minn. 321, 129 N. W. (2d) 284; State v. Clark, 268 Minn.
429, 131 N. W. (2d) 204; State v. Lehn, 270 Minn. 503, 134 N. W. (2d) 329;

and State v. Clark, 270 Minn. 538, 134 N. W. (2d) 857. The foregoing authorities were considered and discussed in the second Clark case, where we said (270 Minn. 552, 134 N. W. [2d] 867):

"* * * Unless there is actual proof that defendant has in fact been misled as to the charge brought against him, to his prejudice, it is not ground for invalidating the conviction after a fair trial or a plea of guilty. It is one thing scrupulously to guard the rights of a defendant in a criminal case so that he is sure to have a fair trial, which we think this court has consistently done, and quite another thing to discharge him after a fair trial because of some technical deficiency in the information which did not mislead him or his counsel or in any way prejudice his rights to a fair trial. That is the situation we have here. To the extent that State v. Briton, *supra*, is inconsistent with what we say here it is overruled."

In his memorandum denying postconviction relief, the trial court said:

"* * * The record of his presentence interrogation indicates that Defendant understood fully the nature of the crime to which he has entered his plea of guilty. He was aware that he was charged with aiding and abetting Eunice Kuefner in the uttering of a forged instrument; and he knew the instrument was forged, having forged it himself.

\* \* \* \* \*

"Hence, it is most difficult to ascertain how he, a veteran in the field of defective Uttering Informations, can claim he was misled in the instant situation where the Information was substantially the same as its predecessors."

On the record before us, the latter Clark case is controlling. There is no merit to defendant's contention that he did not know the nature of the charge against him.

Nor is there any merit to defendant's claim that he was denied effective assistance of counsel. We have frequently held that a defendant may not urge ignorance or incompetence of his attorney or mismanagement by him as a ground for new trial unless there is a strong showing of both incompetence and prejudice. State v. Sutton, 277 Minn. 157, 152 N. W. (2d) 57; State v. Johnson, 277 Minn. 230, 152 N. W. (2d) 768, certiorari denied, 390 U. S. 990, 88 S. Ct. 1190, 19 L. ed. (2d) 1297; State v. Schumann, 280 Minn. 48, 157 N. W. (2d) 758; State ex rel. Black v. Tahash, 280 Minn. 155, 158 N. W. (2d) 504.

The record supports the trial court's observation:

"This Petitioner at the time of his plea of guilty and presentence interrogation in 1962 was represented by his attorney, John S. Connolly, formerly

Public Defender for Ramsey County and fully competent in the criminal law field."

Affirmed.