Elliott Luis STRICKLAND, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 16751.

United States Court of Appeals Eighth Circuit.

Oct. 25, 1961.

Elliott Luis Strickland, Jr., pro se.

D. Jeff Lance, U. S. Atty., St. Louis, Mo., and William C. Martin, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before VOGEL, VAN OOSTERHOUT and BLACKMUN, Circuit Judges.

## PER CURIAM.

Defendant Elliott Luis Strickland, Jr., appeals from final order denying his 28 U.S.C.A. § 2255 motion to correct sentence. Defendant by his motion sought to correct the sentence so as to make the three sentences of three years each imposed upon him run concurrently instead of consecutively.

Defendant, in the proceedings leading up to his conviction and sentence, was represented by court appointed counsel. On March 28, 1958, he consented to prosecution by information. A three count information was filed, each charging him with a violation of 18 U.S.C.A. §§ 2314 and 2(b). His voluntary plea of guilty to each count was accepted by the court. Thereafter, on April 10, 1958, defendant appeared for sentencing. The court, after hearing from the defendant and his counsel, entered final judgment of conviction as to each of the three counts and imposed sentence. The judgment entry, filed by the court on the same date, as to sentence, provides:

"It is adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of Three (3) Years as to and under the charge contained in each of Counts one, two and three of information herein, such terms of imprisonment to run consecutively and cumulatively and not concurrently, making an aggregate term of imprisonment imposed on defendant herein of Nine (9) Years."

Defendant in his motion contends sentence was imposed as follows:

"Counts one (1) two (2) and three (3) count No. one (1) to a term of three (3) years, counts two (2) and three (3) to run consecutively with count No. one (1). Total nine (9) years."

Defendant asked the court "to correct this erroneous sentence of nine (9) years to a term of three (3) years, and (3) years, and three (3) years to run concurrently with each other. Not Consecutively With."

The transcript of the sentencing procedure shows as follows:

"The Court: Elliott Luis Strickland, Jr., on the first count you will be sentenced to three years in the custody of the Attorney-General of the United States, the sentence to be served in some penitentiary to be designated by the Attorney-General of the United States or his representative. There will be the same sentence on the second count; the same sentence on the third count; and the sentences under counts 2 and 3 may be served consecutively with each, and both of them consecutively with the sentence under count 1. You will have plenty of time to think it over and make up your mind and change your way before you get through with that sentence."

There is no showing that the defendant or anyone else was confused or misled in any way by the sentence imposed. It is apparent from defendant's motion that he understood that consecutive sentences were imposed upon him, aggregating nine years. The formal entry of judgment, signed and filed on the day of sentence, makes it entirely clear that consecutive sentences were in fact imposed.

Defendant's position is that a sentence in a criminal case should be clear and definite and that the sentence here imposed is ambiguous by reason of the statements that the sentences are to run "consecutively with" (sentence imposed upon other counts).

The words "consecutively with" do not appear in the final judgment entry. The transcript, however, reveals that the court did use such words in orally imposing sentence. This court has recently had occasion to consider the effect of the use of the words "consecutively with" and has rejected the contention here urged by the defendant. Toyer v. United States, 8 Cir., 291 F.2d 925, 926; Young v. United States, 8 Cir., 274 F.2d 698, affirmed, 366 U.S. 761, 81 S.Ct. 1670, 6 L.Ed.2d 853.

In the Toyer case, we stated:

"It was appellant's contention that the words 'consecutively' and 'with' were incompatible with each other, and that such an ambiguity was therefore created as legally to require that all of the sentences against him be accorded concurrent operation.

"We have held in a corresponding situation that 'the use of the expression "to run consecutively with" could [not] reasonably be regarded as having any other natural or contextual meaning in the situation than "consecutive to"'. Young v. United States, 8 Cir., 274 F.2d 698, 702, affirmed [366 U.S. 761] 81 S.Ct. 1670, [6 L.Ed.2d 853]. See also Fulton v. United States, 5 Cir., 250 F.2d 281; Payne v. Madigan, 9 Cir., 274 F.2d 702, affirmed [366 U.S. 761], 81 S.Ct. 1670 [6 L.Ed.2d 853]."

We are satisfied that the oral sentence here imposed clearly provides for consecutive sentences on the separate counts. Thus, there is no material variance between the construction of the oral sentence and the formal judgment entry, and it is unnecessary here to resort to the written entry for the purpose of resolving any ambiguity in the oral pronouncement. See Payne v. Madigan, 9 Cir., 274 F.2d 702, 705.

It is entirely clear that the court imposed a three year sentence upon each of the three counts of the information and that it provided that such sentences are to run consecutively as to each other, making sentences aggregating nine years upon the three counts. This the court had a right to do. The court properly denied defendant's motion to correct sentence.

The judgment appealed from is affirmed.