**David B. POWERS, Defendant, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 6166.**

United States Court of Appeals
First Circuit.

Dec. 27, 1963.

Edwin John Carr, Boston, Mass., for appellant.

Paul A. M. Hunt, Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., was on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

PER CURIAM.

On February 20, 1963, the defendant-appellant in the presence of his counsel who previously had been appointed by the court pleaded guilty to interstate transportation of a stolen motor vehicle in violation of the Dyer Act. Title 18 U.S.C. § 2312. He appeared with his counsel for sentence on March 11, 1963, at which time the Assistant United States Attorney recommended confinement for six months. The court, according the right of allocution to both the defendant and his counsel in strict accordance with Criminal Rule 32(a), sentenced Powers to the custody of the Attorney General pursuant to Title 18 U.

S.C. § 4208(b). So far no error in the proceeding appears or is suggested.

On June 20, 1963, the court, in the absence of Powers and his counsel, and without notice to either, entered a "Final Judgment and Commitment" on the basis of the report submitted pursuant to § 4208(b), supra, sentencing Powers to imprisonment for not more than two years but specifying under § 4208(a)(2) that he might become eligible for parole at such time as the Board of Parole might determine. Within ten days thereafter Powers' counsel filed notice of appeal to this court, and the court below, on Powers' affidavit of poverty, allowed the appeal without prepayment of fees or costs or giving security therefor.

The appeal is timely. Corey v. United States, 84 S.Ct. 298, 1963. And it was error to pronounce final sentence in the absence of Powers and his counsel. United States v. Behrens, 84 S.Ct. 295, 1963.

We do not think it was error, however, for the court to impose final sentence without giving Powers and his counsel an opportunity to review the report and recommendations of the Director of the Bureau of Prisons and to present witnesses to show errors in the report. In Williams v. People of State of New York, 337 U.S. 241, 250, 251, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949), the Court said that the Fourteenth Amendment was not to be treated "as a uniform command that courts throughout the Nation abandon their age-old practice of seeking information from out-of-court sources to guide their judgment toward a more enlightened and just sentence." And the Court also said: " * * * we do not think the Federal Constitution restricts the view of the sentencing judge to the information received in open court. The due process clause should not be treated as a device for freezing the evidential procedure of sentencing in the mold of trial procedure. So to treat the due process clause would hinder if not preclude all courts—state and federal—from making progressive efforts to improve the administration of criminal justice." We see no basis for distinguishing between due process under the Fourteenth Amendment and due process under the Fifth Amendment. Indeed from the final sentence of the above quotation we think that the Court intended its statements to apply to due process under both Amendments. See Hoover v. United States, 268 F.2d 787, 790 (C.A. 10, 1959).

Judgment will be entered vacating the judgment of the District Court and remanding the case to that Court for further consistent proceedings.