**Herman Evald OLSON, Appellant,**

v.

**Ralph H. TAHASH, Warden, Minnesota State Penitentiary, Appellee.**

**No. 17904.**

United States Court of Appeals
Eighth Circuit.

April 6, 1965.

Herman Evald Olson, filed typewritten brief pro se.

Robert W. Mattson, Atty. Gen. of Minnesota, Charles E. Houston, Sp. Asst. Atty. Gen., St. Paul, Minn., filed typewritten brief for appellee.

Before VAN OOSTERHOUT and RIDGE, Circuit Judges, and HENLEY, District Judge.

PER CURIAM.

This is an appeal by Herman Evald Olson, hereinafter called defendant, from order entered September 22, 1964, by the District Court denying his third petition for writ of habeas corpus filed August 20, 1964. The District Court denied defendant's motion for certificate of probable cause. We granted certificate of probable cause on December 16, 1964, and authorized defendant to proceed with this appeal in forma pauperis.

A brief summary of the events leading up to the present petition seems desirable. Defendant on December 4, 1958, represented by court-appointed counsel, pled guilty to two separate County Attorney's informations charging forgery in the second degree in violation of MSA § 620.10 before the District Court of Faribault County, Minnesota. He was sentenced to concurrent terms not exceeding ten years. Execution of the sentence was stayed, defendant being placed on probation. On March 19, 1959, the stay was revoked upon a finding of violation of the terms of probation and defendant is now serving the sentence imposed. No appeal was taken from the judgment of conviction.

Defendant thereafter applied to the State District Court for a writ of error coram nobis, which was denied. Upon appeal, the Supreme Court of Minnesota affirmed. State v. Olson, 265 Minn. 75, 120 N.W.2d 311. Such action was predicated upon alleged newly discovered evidence to show that the defendant was authorized to write the checks upon his father's bank account, which the informations charged he had forged. The court inter alia held such evidence was not newly discovered.

Petitioner then filed a petition for writ of habeas corpus in the Supreme Court of Minnesota alleging, "The record conclusively shows that the relator did not plead guilty to uttering. The Minnesota Supreme Court in State v. Olson [265 Minn. 75], 120 N.W.2d 311, affirming a case on different grounds than herein, further verifies the fact that relator entered a plea of guilty to forging the name of Anton M. Olson."

The petitioner also contended that the information was demurrable in that it stated that he uttered the checks while it then went on to charge that he violated MSA 620.10, said act constituting the crime of forgery in the second degree. Petitioner states that he was denied the assistance of competent counsel in that he was permitted to plead guilty to an information charging uttering when his plea only encompassed an admission of forgery and contended that he was allowed to plead guilty to a charge not made against him. The Supreme Court of Minnesota denied the writ in a memorandum order, stating:

"Inasmuch as relator by his plea acknowledged in answer to specific questions by the court that he 'issued' the instruments which he also admitted were forged by him, we are of the opinion that the question presented is distinguishable from State v. Wurdemann, 265 Minn. 92, 120 N.W.(2d) 317, and is therefore controlled by State ex rel. Masters v. Tahash, 266 Minn. 348, 123 N.W. (2d) 600."

The admissions referred to in the foregoing memorandum order appear in the transcript of the sentencing proceeding in the State District Court as follows:

"The Court: Well, then, Herman Olson, also known as Herman Evald Olson, to the information of the County Attorney, charging that, on the 20th day of March, 1957, in Faribault County, Minnesota, you issued a check, in the amount of $65.00 to Herman Olson, and signed the name, Anton M. Olson, which is a forged signature, said act constituting forgery in the second degree, how do you desire to plead, guilty or not guilty?

"The Defendant: Guilty."

In substance, the same question was asked and the same answer given relating to the second information.

State ex rel. Masters v. Tahash, 266 Minn. 348, 123 N.W.2d 600, relied upon by the Minnesota court in its memorandum, fully supports the result reached. That case is strikingly similar to our present case with respect to the form of the charging information. The court there states:

"The Briton case makes clear that this information is defective. The facts alleged limit the charge to 'uttering' a forged writing in violation of Minn.St. 620.19 and not in violation of § 620.10 which makes no

mention of uttering but deals exclusively with what constitutes acts of forgery. The act of forging an instrument is clearly intended to be a distinct and separate crime from the act of uttering a forged instrument, both under present statutes and under the new Minnesota criminal code. Each such act, however, by express statutory language, constitutes the crime of forgery. Where the act of uttering under § 620.19 is alleged, the degree of forgery charged must be ascertained by reference to the sections defining forgery in the various degrees and prescribing the punishment therefor. This reference is necessary because § 620.19 declares that one who violates this section '[s]hall be guilty of forgery in the same degree as if he had forged the same.' It follows that, while uttering a check and forging a check are obviously separate crimes, both acts constitute the crime of forgery in the degree prescribed by provisions dealing with forging an instrument. Thus, the defect in this information is the concluding recital that § 620.10 was violated whereas the act alleged—that of uttering—violates § 620.19; the act of uttering is then properly denoted as constituting the crime of forgery in the second degree." 123 N.W.2d 600, 601–602.

The Court then goes on to hold that the defect is not a jurisdictional one, that defendant was not misled or prejudiced by the defect in the information, and that the judgment is not subject to attack by collateral proceedings.

State v. Briton, 265 Minn. 326, 121 N.W.2d 577, relied upon here by the defendant, is clearly distinguishable. In that case, defendant demurred to the defective indictment and upon direct appeal, the Supreme Court held that the trial court committed error in not sustaining the demurrer.

In our present case, the defendant has failed to show that he has been deprived of any right guaranteed him by the Constitution of the United States. He has not shown that his rights were prejudiced in any way by the defect in the information. On the contrary, defendant's colloquy with the Court prior to sentence, heretofore set out, and his attempt in the case reported at 265 Minn. 75, 120 N.W.2d 311, supra, to offer additional evidence that he did not forge his father's signature to the checks, indicates clearly that he understood that he was being charged with forgery of the checks.

Absent the infringement of federal constitutional rights, we are bound by the interpretation made by the Minnesota Court of the criminal statutes of that State.

Defendant has pleaded no facts sufficient to establish that he was not adequately represented by counsel. He had full opportunity to discuss the facts of his case with his counsel on a number of occasions. He chose to enter a plea of guilty. Inasmuch as defendant was aware of the offense with which he was charged, little would be accomplished in attacking the information as defective, as such attack if successful would at best only lead to a slight delay and result in a new information charging forgery or uttering a forged instrument, or both offenses.

Defendant's counsel succeeded in obtaining for him a suspension of sentence. If the informations had been attacked as defective, it is extremely unlikely that any benefit would be gained by the defendant, and it is a distinct possibility that such a course might have impaired defendant's opportunity to obtain probation.

Judge Nordbye for the reasons stated in his well-considered opinion (not reported) properly denied the writ of habeas corpus.

Affirmed.