**Robert F. HANCOCK, Appellant,**

v.

**Sheriff Bill DECKER, Appellee.**

**No. 24156.**

United States Court of Appeals
Fifth Circuit.

June 20, 1967.

Frank R. Jewell, Dallas, Tex., for appellant.

William F. Alexander, Malcolm Dade, Asst. Dist. Attys., Dallas, Tex., for appellee.

Before RIVES, WISDOM, and GOLDBERG, Circuit Judges.

PER CURIAM:

In this appeal from the denial of a petition for habeas corpus, Robert F. Hancock, the prisoner, contends that he was unlawfully convicted of a felony theft in that the corporeal personal property he was accused of taking did not have a value in excess of $50, as required by Texas law. We affirm.

Hancock, an employee of Texas Instruments Automatic Computer Corporation, photocopied fifty-nine computer programs belonging to his employer. He attempted to sell these to Texaco, one of T. I.'s clients, for five million dollars. At the state trial and in the court below, Hancock, noting that no original documents were removed from the employer's premises, argued that at most he stole $35 worth of paper. He contended that the information contained in the computer programs constitutes trade secrets,

not corporeal property worth in excess of $50.

Article 1418 of the Vernon's Ann.Texas Penal Code defines property, for purposes of theft sections, as including "all writings of every description, provided such property possesses any ascertainable value". The Court of Criminal Appeals of Texas held: "[The] computer programs as alleged and the evidence in support thereof show that such property is included and comes within the meaning of the provisions of the statute defining the offense of theft. * * * [The] programs as alleged had a market value in excess of fifty dollars each." Hancock v. State, Tex.Ct.Cr.App. 1966, 402 S.W.2d 906. "It is our duty, of course, to accept this state judicial construction of the ordinance [statute]." Shuttlesworth v. City of Birmingham, 1965, 382 U.S. 87, 91, 86 S.Ct. 211, 214, 15 L.Ed.2d 176. "Absent the infringement of federal constitutional rights, we are bound by the interpretation made by the [state] court of the criminal statutes of that State." Olson v. Tahash, 8 Cir., 1965, 344 F.2d 139. We cannot say that the law, as authoritatively construed by the Texas courts, is so unreasonable or arbitrary as to be violative of due process. See, for example, United States v. Seagraves, 3 Cir. 1959, 265 F.2d 876 holding that certain geophysical maps were "goods, wares, merchandise" of the value of $5000 or more within the meaning of 18 U.S.C. § 2314.

This case is not one in which there was no evidence of the accused having committed the charged offense.[1] In light of the Texas courts' authoritative construction of pertinent Texas law, there was ample evidence that Hancock committed the offense for which he was indicted.

We have considered all of the appellant's other contentions. They are without merit.

The judgment of the district court is affirmed.