UNITED STATES of America ex rel. Charles R. FOX, Appellant,

v.

James F. MARONEY, Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania.

No. 16535.

United States Court of Appeals Third Circuit.

Submitted on Briefs Oct. 2, 1967.

Decided Nov. 8, 1967.

Charles R. Fox, pro se.

Edwin J. Martin, Robert W. Duggan, Dist. Atty. of Allegheny County, Pittsburgh, Pa., for appellee.

Before STALEY, Chief Judge, and MARIS and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This is an appeal from the dismissal of appellant's petition for a writ of habeas corpus in the district court. United States ex rel. Fox v. Price, 257 F.Supp. 493 (W.D.Pa., 1966). Appellant's contention is that he was sentenced under the wrong indictment and that the subsequent correction of his sentence, out of his presence, violated his constitutional rights of due process and equal protection under the 14th Amendment. We find no merit to the petition.

In affirming the order of the district court, we feel obligated to comment on its use of 28 U.S.C. § 2245. After the hearing was held in the district court, a letter was received from the state court trial judge explaining his version of the relevant events. The district court judge "accept[ed] the written statement * * * as evidence of the factual circumstances," United States ex rel. Fox v. Price, 257 F.Supp. at 494, surrounding the sentencing and made it part of the record under § 2245. We encourage every possible utilization of this section to facilitate the disposition of these cases. However, the language of the statute indicates that the certification must be made part of the record prior to the conclusion of the hearing in the district court. Absent this requirement, evidence might be entered into the record with no opportunity afforded the petitioner to challenge its credibility. Since the letter from the state court trial judge was received by the district court after the hearing was held, it was not properly part of the record, and it was error for the district court to rely on its contents in reaching its determination.

However, after our own independent and exhaustive review of the record, excluding the letter, we affirm the district court's decision that relator's contentions are without merit. Hill v. United States ex rel. Wampler, 298 U.S. 460, 464, 56 S.Ct. 760, 80 L.Ed. 1283 (1936); Commonwealth ex rel. Clawson v. Baldi, 180 Pa.Super. 258, 119 A.2d 874, 875 (1956).

The order of the district court will be affirmed.