Alpheus AVENT, #89575, Petitioner,

v.

C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Respondent.

Misc. No. 7044–N.

United States District Court
E. D. Virginia,
Norfolk Division.

Oct. 14, 1968.

Alpheus Avent, pro se.

Reno S. Harp, III, Asst. Atty. Gen., of Virginia, Richmond, Va., for respondent.

## MEMORANDUM ORDER

KELLAM, District Judge.

Petition of Alpheus Avent for a writ of habeas corpus was received in this Court on October 4, 1968, seeking relief from sentence imposed upon him by the Hustings Court of the City of Richmond upon his conviction by a jury of the offense of malicious wounding. He alleges he filed petition for a writ of habeas corpus in the Hustings Court of Richmond, Virginia, which was denied and the petition dismissed August 19, 1968. No appeal was taken.

Grounds for relief are set forth in the petition as (1) the taking of notes by a juror during trial, which the juror was permitted to carry to the jury room, (2) failure of the Commonwealth to produce a material witness, which could have testified "as to material facts and was available for trial," (3) discrepancies "in the Commonwealth case," (4) insufficiency of Commonwealth evidence to establish a legitimate conviction, and (5) "petitioner was denied the due process clause of the Constitution." Petitioner alleges these same grounds were raised in his state habeas. In amplifying his grounds, petitioner asserts the insufficiency of the evidence; petitioner says the Commonwealth presented only one witness, Officer Wilson, to identify him as the guilty party. He says that Officer Wilson gave the description of the man who shot him as "25–30 years of age, 5′10″ to 5′11″ tall, 170–180 lbs.

in weight, wearing a gray knit sweater with a zipper in front, dark pants, and with light complection and short hair, and that of the man whom Officer Wilson identified as being the person who shot him 22 years of age 5′10″ tall, 134–140 lbs. in weight and a prominent mole next to nose." Petitioner continues "[P]etitioner submits that the Commonwealth's eye witness which was the only evidence was material inconsistent with itself to such a degree so as to produce no incriminating evidence towards petitioner."

The substance of petitioner's claim is the credibility or insufficiency of the evidence, turning on the sufficiency of the identification of petitioner, and alleged errors in trial procedure.

■ A United States District Court cannot in habeas corpus act as a court of appeals to review matters within the jurisdiction of the state, nor is the role of a federal habeas corpus to serve as an additional appeal. Faust v. State of North Carolina, 307 F.2d 869, 871 (4th Cir. 1962); Worth v. People of State of Michigan, 291 F.2d 621, 622 (6th Cir. 1961), cert. denied 368 U.S. 862, 82 S.Ct. 105, 7 L.Ed.2d 59; Davis v. United States, 257 F.Supp. 802 (D.C.N.C. 1966). Errors (if there are in fact errors) in a state trial are matters for correction in the state courts. United States ex rel. Epton v. Nenna, 355 F.2d 14, 15 (2d Cir. 1966). The question of the sufficiency of the evidence is a question for the state court. Grundler v. State of North Carolina, 283 F.2d 798 (4th Cir. 1960); Daniels v. Allen, 192 F.2d 763 (4th Cir. 1951), affirmed 344 U.S. 443, 73 S.Ct. 437, 97 L.Ed. 469, rehearing denied 345 U.S. 946, 73 S.Ct. 827, 97 L.Ed. 1370. There is a difference between a conviction based upon evidence deemed insufficient as a matter of state law and one "so totally devoid of evidentiary support as to raise a due process issue." Grundler v. State of North Carolina, supra; Faust v. State of North Carolina, supra. The question is, does the "conviction [rest]

upon any evidence at all." Young v. Boles, 343 F.2d 136, 138 (4th Cir. 1965) and cases there cited. In any event, "the probative strength of the evidence has never been permitted to be an issue in habeas corpus." Young v. Boles, supra; Johnson v. Middlebrooks, 383 F. 2d 386, 388 (5th Cir. 1967). The mere allegation of insufficiency of evidence does not present a federal question to be passed upon in habeas corpus. State of Louisiana v. Middlebrooks, 260 F.Supp. 517 (D.C.La.1966); Dotson v. Boles, 271 F.Supp. 24, 26 (D.C.W.Va.1967); Young v. Boles, supra.

■ The length of sentence is not a federal question since it involves the interpretation of state statutes and does not involve a constitutional question. Jones v. Ross, 257 F.Supp. 798, 801 (D.C.N.C.1966); In re Costello, 262 F. 2d 214 (9th Cir. 1958). Even if this were not so, the sentence is within the statutes of Virginia and was proper.

■ The issue of whether the petitioner should have been granted probation is not a constitutional one. The questions of a juror taking notes during trial, and alleged failure of the Commonwealth to call a witness who could have testified on the material facts, are procedural questions which are to be raised on appeal and not by habeas. Discrepancies in the evidence go to its weight. Petitioner's complaint raises the issue of the weight of the evidence. The allegations of the petition do not bring the case in the class of "one so totally devoid of evidentiary support as to raise a due process issue." Faust v. State of North Carolina, 307 F.2d 869, 872 (4th Cir. 1962).

It is ordered that:—

1. Petitioner may proceed in forma pauperis, and his petition is filed, relief is denied and the petition dismissed.

2. Petitioner may appeal in forma pauperis. For the reasons hereinabove stated, a certificate of probable cause is denied. Upon the giving of proper notice and complying with the Rules of

Court governing appeals, the Clerk will forward to the Circuit Court of Appeals for the Fourth Circuit the file in this case.

3. The Clerk send copy of this order to the Attorney General of Virginia, with copy of the petition, and a copy of this order to petitioner.