**James O. MATTINGLY, Appellant,**

**v.**

**Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Appellee.**

**No. 74–1477.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1974.

Decided Sept. 23, 1974.

---

James O. Mattingly, pro se.

Bert C. Hurn, U. S. Atty., Frederick, O. Griffin, and Anthony P. Nugent, Jr., Asst. U. S. Attys., Kansas City, Mo., for appellee.

Before MATTHES, Senior Circuit Judge, and HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

James Mattingly appeals from a final judgment denying his application for habeas corpus relief. In his application, Mattingly, a prisoner in the Springfield Medical Center, alleged that he was prejudiced in his living conditions at Springfield because a detainer had been lodged against him by the State of Kentucky.

The matter was referred by the court to the magistrate at Springfield, Mis-

---

souri. The magistrate held an evidentiary hearing and determined that the undisputed facts were as follows: that the defendant was charged by an indictment filed in Kentucky state court on October 15, 1973, with malicious shooting; that on January 2, 1974, the petitioner filed in that court a motion to dismiss the charges on the grounds of denial of due process and denial of speedy trial; that the petitioner's motion was overruled by an order entered on April 1, 1974, with a trial date of June 21, 1974, being set on the pending charges; and that the defendant has been deprived of an opportunity to be transferred to a minimum custody unit because of the pending detainer. The magistrate recommended that the petition for habeas corpus be denied on the grounds that the petitioner had not been denied a speedy trial in Kentucky in view of the decision of the courts of that state to try the defendant on June 21, 1974. The District Court reviewed the recommendations of the magistrate and denied the writ.

We asked the parties to file additional briefs on the question of whether we are required to remand the matter to a District Court for an evidentiary hearing in the light of the Supreme Court's decision in Wingo v. Wedding, 418 U.S. 461, 473, 94 S.Ct. 2842, 2849, 41 L.Ed.2d 879, 888 n. 19 (1974).

■ After reviewing the supplementary briefs and the record, we do not believe that a remand is required. The magistrate found that there were no disputed issues of fact and neither party questions that finding. Under such circumstances, no evidentiary hearing before a U. S. District Judge is required. *See* Noorlander v. United States Attorney General, 465 F.2d 1106, 1108 (8th Cir. 1972), cert. denied, 410 U.S. 938, 93 S.Ct. 1398, 35 L.Ed.2d 603 (1973), and cases cited therein; *cf.,* Procunier v. Atchley, 400 U.S. 446, 452, 91 S.Ct. 485, 27 L.Ed.2d 524 (1971).

■ The judgment of the District Court is modified by requiring that court to enter an order requiring the Springfield Medical Center to give the defendant the same opportunities given prisoners not subject to a detainer. *See,* Cooper v. Lockhart, 489 F.2d 308 (8th Cir. 1973). As so modified, the judgment is affirmed.