**Charles M. DONALDSON, Petitioner,**

v.

**Donald W. WYRICK, Warden,[1] Missouri State Penitentiary, Jefferson City, Missouri, Respondent.**

**Civ. A. No. 73CV332–W–3.**

United States District Court,
W. D. Missouri, W. D.

Oct. 14, 1974.

---

1. Because of judicially noticeable succession in office, Donald W. Wyrick, present Warden of the Missouri State Penitentiary at Jefferson City, Missouri, is substituted as the respondent in this action in his official capacity. *See,* Caffey v. Wyrick, 377 F. Supp. 160 (W.D.Mo.1974) ; Russell v. Wyrick, Civil Action No. 73CV401–W–3–R (W. D.Mo. July 20, 1974) ; Johnson v. Wyrick, 381 F.Supp. 747 (W.D.Mo.1974).

Charles M. Donaldson, pro se.

William F. Arnet, Asst. Atty. Gen., State of Missouri, Jefferson City, Mo., for respondent.

## FINAL JUDGMENT DENYING PETITION FOR A WRIT OF HABEAS CORPUS

WILLIAM H. BECKER, Chief Judge.

This is a petition for a writ of federal habeas corpus by a state prisoner in custody at the Missouri State Penitentiary at Jefferson City, Missouri. Petitioner seeks an adjudication that his sentence was illegally imposed upon him in violation of his federal constitutional rights. Petitioner requests leave to proceed in *forma pauperis*. Leave to proceed in *forma pauperis* has been granted by prior order of this Court on October 31, 1973.

Petitioner states that he was convicted upon his plea of guilty in the Circuit Court of Jasper County, Missouri, of rape; that he was sentenced on that conviction on September 29, 1947, to a term of 99 years imprisonment; that he did not directly appeal from the judgment of conviction and imposition of sentence; that he filed a motion under Missouri Criminal Rule 27.26, V.A.M.R., in the Circuit Court of Jasper County, which was denied on September 29, 1970; that he appealed the denial of that 27.26 motion to the Missouri Supreme Court, which affirmed the decision of the Circuit Court on March 13, 1972, in Donaldson v. Missouri, 477 S. W.2d 84 (Mo.Sup.1972); that he filed a petition for a writ of habeas corpus in this Court, which was denied on March 8, 1973, in Donaldson v. Swenson, Civil Action No. 20257-3 (W.D.Mo. March 8, 1973); that he sought to secure a certificate of probable cause to appeal the denial of his federal habeas corpus petition, which was denied on June 7, 1973; that he filed a second motion under Missouri Criminal Rule 27.26 in the Circuit Court of Jasper County, which was denied on April 26, 1972; that he appealed the denial of his second 27.26 motion to the Missouri Court of Appeals, Springfield District, which affirmed the decision of the Circuit Court in April of 1973, in Donaldson v. Missouri, 493

S.W.2d 677 (Mo.App.1973); and that he was represented by counsel at all stages of the proceedings against him, on his 27.26 motion and appeal thereon, and on his appeal to the Missouri Court of Appeals, Springfield District.

Petitioner states the following grounds on which he bases his contention that he is being held in custody unlawfully:

"Because petitioner was deprived of his rights under the 5th and 14th Amendments to the Constitution of the United States for the reason that the Court sentenced him twice for the same offense."

Petitioner states the following as facts in support of his contention that he is being held in custody unlawfully:

"That the Court fully advised petitioner, prior to the acceptance of his plea of guilty, that it could impose any sentence up till death, life or a long term of years (according to the testimony that was given on petitioner's prior 27.26 hearing), and after being so advised the Court then accepted said plea and thereupon sentenced petitioner to a term of life imprisonment, which said term was lawfully within the statutory penalty.

"Immediately thereafter, within a (sic) hour, the Court recalled the petitioner before the bench and resentenced the petitioner for the same offense but this time the sentence was changed and a sentence of 99 years was imposed.

"That it is petitioner (sic) contentions that since the first sentence was lawfully imposed, than (sic) it was unlawful for the Court thereafter to change this life sentence to 99 years because this in effect was sentencing the petitioner twice for the same offense."

On October 31, 1973, this Court entered an order granting petitioner leave to proceed in *forma pauperis* and directing the respondent to show cause why the petition herein for a writ of habeas corpus should not be granted.

On November 15, 1973, counsel for respondent filed herein his response to the order to show cause, therein stating that the basic ground raised herein was presented to the Missouri Court of Appeals but was never decided on the merits by that Court. As part of the response, counsel for respondent attached and submitted photocopies of the following documents: (1) the decision of the Missouri Court of Appeals, Springfield District, in Donaldson v. Missouri, 493 S.W.2d 677 (Mo.App.1973), affirming the Circuit Court's denial of petitioner's second 27.26 motion; and (2) the judgment and sentence of the Circuit Court of Jasper County, Missouri.

On November 21, 1973, petitioner filed herein a *pro se* traverse to the respondent's response, therein acknowledging that the Missouri Court of Appeals did not specifically rule on the ground presented in the case at bar. Petitioner further states in his traverse that " . . . an evidentiary hearing should be held upon the merits of his claim within the meaning set forth in Townsend v. Sain, 372 U.S. 293 [83 S.Ct. 745, 9 L.Ed.2d 770] (1963)."

■ From a review of the files and records in the case at bar, it is apparent that there are no controverted facts. Because the present case only involves a determination of applicable principles of law as applied to uncontroverted facts, the holding of an evidentiary hearing by this Court is not necessary or desirable. Mattingly v. Ciccone, 503 F.2d 502 (8th Cir. 1974); Noorlander v. United States Attorney General, 465 F.2d 1106, 1108 (8th Cir. 1972), cert. denied, 410 U.S. 938, 93 S.Ct. 1398, 35 L.Ed.2d 603 (1973); Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); *cf.* Procunier v. Atchley, 400 U.S. 446, 91 S.Ct. 485, 27 L.Ed.2d 524 (1970), reh. denied, 401 U.S. 966, 91 S.Ct. 966, 28 L.Ed.2d 249 (1971).

■ To save time and unproductive effort and in the discretion of this Court, petitioner's sole ground for relief herein will be considered on the merits,

even though a question may exist whether this claim has been fully exhausted in the Missouri courts.

The record presented to this Court reveals that petitioner entered a plea of guilty. Although the sentencing Judge had intended to assess the death penalty, he could not bring himself to do so at the final moment. He then assessed the petitioner's punishment at 99 years, the validity of which was questioned by the attorneys present. Petitioner was then sentenced to life imprisonment. However, upon reading the applicable state statute, the sentencing Judge determined that a 99 year sentence could be legally assessed. Therefore, petitioner was recalled and the original sentence of 99 years imprisonment was finally imposed.[2]

■ A thorough and careful review of the record presented to this Court discloses that the final sentence imposed upon the petitioner did not violate any of his federal constitutional rights.

In Price v. Georgia, 398 U.S. 323, 329, 90 S.Ct. 1757, 1761, 26 L.Ed.2d 300, 305 (1970), the Supreme Court of the United States expressly noted that the " . . . Double Jeopardy Clause of the Fifth Amendment is written in terms of potential or risk of trial and conviction, *not punishment*." (Emphasis added.) The Supreme Court further stated in the *Price* case that "[t]he Double Jeopardy Clause, as we have noted, is cast in terms of the risk or hazard of trial and conviction, not of the ultimate legal consequences of the verdict." Price v. Georgia, 398 U.S. 323, 331, 90 S.Ct. 1757, 1762, 26 L.Ed.2d 300, 306 (1970). Thus, it would appear that petitioner's reliance on the Double Jeopardy Clause in support of the petition herein is misplaced. *Cf.* Johnson v. Wyrick, 381 F.Supp. 747 (W.D.Mo.1974).

In addition, the case at bar cannot be equated to cases involving enhanced pun-

ishment upon retrial. *See, e. g.,* Johnson v. Wyrick, *supra.* Petitioner was never tried, sentenced, retried and given a greater sentence. Thus, the decisions of the Supreme Court of the United States in Michigan v. Payne, 412 U.S. 47, 93 S.Ct. 1966, 36 L.Ed.2d 736 (1973); North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and Chaffin v. Stynchcombe, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973) are totally inapplicable under the facts presented in the petition herein.

Petitioner essentially seeks an adjudication that his federal constitutional rights were violated by the indecisive sentencing determination procedures employed by the sentencing Judge. Although such cumbersome and indecisive procedures cannot be explicitly approved, they do not, standing alone, constitute any violation of any of the petitioner's federal constitutional rights.

"The controlling consideration is whether or not the defendant was aware and had notice of the sentence which the court intended to impose." United States v. Price, 257 F.Supp. 493, 496 (W.D.Pa.1966), affirmed, 385 F.2d 839 (3rd Cir. 1967); Young v. United States, 274 F.2d 698 (8th Cir. 1960), affirmed, 366 U.S. 761, 81 S.Ct. 1670, 6 L.Ed.2d 853 (1961); *see also,* Hughes v. United States, 304 F.2d 91 (5th Cir. 1962), cert. denied, 371 U.S. 894, 83 S.Ct. 195, 9 L.Ed.2d 127 (1962). The record in the present case discloses that the petitioner was present and adequately notified of the sentence redetermination. Under these circumstances, there was no violation of federal law. *See,* United States v. Behrens, 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224 (1963); United States v. Morse, 344 F.2d 27 (4th Cir. 1965); Powers v. United States, 325 F.2d 666 (1st Cir. 1963); United States v. Neal, 320 F.2d 533 (3rd Cir. 1963).

"There is no showing that the defendant or anyone else was confused or mis-

---

2. The essence of petitioner's double jeopardy theory is that once a legal sentence is announced it cannot be changed. In this case the theory, if accepted as sound, would sustain the validity of the 99 year sentence under attack.

led in any way by the sentence imposed." Strickland v. United States, 295 F.2d 186, 188 (8th Cir. 1961). The record supports, and the petitioner does not challenge, the finding that he was fully, completely and understandably aware of the sentence which was imposed upon him and of its extent. United States v. Price, 257 F.Supp. 493, 497 (W.D.Pa. 1966), affirmed, 385 F.2d 839 (3rd Cir. 1967); Strickland v. United States, *supra*. There has been no showing here by the petitioner that he or his counsel were confused, misled or prejudiced in any way by the final sentence as imposed.

■■ Further, there are no grounds stated herein to support any allegation of severity of sentence or cruel or unusual punishment.

It is generally held that the severity of a sentence alone cannot constitute grounds for relief in habeas corpus. Jackson v. Myers, 374 F.2d 707 (3rd Cir. 1967); Sheldon v. Nebraska, 401 F.2d 342 (8th Cir. 1968); Avent v. Peyton, 294 F.Supp. 262 (E.D.Va.1968); *see also*, United States ex rel. Burgess v. Rundle, 308 F.Supp. 1338 (E.D.Pa. 1970). A state sentence which is clear and unequivocal cannot be lightly set aside. *See*, Walker v. Bishop, 408 F.2d 1378 (8th Cir. 1969); Strickland v. United States, 295 F.2d 186 (8th Cir. 1961). Furthermore, a sentence which has been imposed which is within the statutory limits proscribed by the statutes for the offense committed is ordinarily not to be attacked as excessive or otherwise regarded as cruel or unusual. United States v. Tobin, 429 F.2d 1261, 1265 (8th Cir. 1970); Heath v. United States, 375 F.2d 521 (8th Cir. 1967); Johnson v. United States, 318 F.2d 855 (8th Cir. 1963); Egan v. United States, 268 F.2d 820 (8th Cir. 1959), cert. denied, 361 U.S. 868, 80 S.Ct. 130, 4 L.Ed. 2d 108 (1959); Johnson v. United States, 126 F.2d 242, 251 (8th Cir. 1942); Gurera v. United States, 40 F.2d 338 (8th Cir. 1930).

Petitioner received a 99 year sentence for having committed the offense of rape. Petitioner's sentence was within the statutory range of punishment provided by Section 559.260 of the Revised Statutes of Missouri, V.A.M.S. The record does not disclose, nor does the petitioner allege herein, that the sentence received by the petitioner was the result of bias, prejudice or some form of retributive intent on the part of the sentencing Judge.

■ Under these circumstances, it must be concluded that the petitioner has failed to sufficiently state any legal or factual contentions or exceptional circumstances which would warrant the granting of habeas corpus relief herein. Sheldon v. Nebraska, *supra;* Miller v. Gladden, 341 F.2d 972 (9th Cir. 1965); United States ex rel. Campbell v. Hill, 72 F.2d 549 (3rd Cir. 1934), cert. denied, 293 U.S. 615, 55 S.Ct. 148, 79 L. Ed. 704 (1934); United States v. Tobin, 429 F.2d 1261, 1265 (8th Cir. 1970); Newman v. Missouri, 394 F.Supp. 83 (W.D.Mo.1974).

■ Furthermore, even assuming error on the part of the sentencing Judge, petitioner is not entitled to habeas corpus relief herein by reason of the application of the "harmless error" rule in view of the fact that petitioner did not receive the maximum penalty of death as authorized in the sentencing statute. Gerberding v. Swenson, 435 F.2d 368, 371 (8th Cir. 1970), cert. denied, 403 U. S. 906, 91 S.Ct. 2211, 29 L.Ed.2d 682 (1971); Johnson v. Wyrick, 381 F.Supp. 747 (W.D.Mo.1974); *see also*, Gilday v. Scafati, 428 F.2d 1027 (1st Cir. 1970), cert. denied, 400 U.S. 926, 91 S.Ct. 188, 27 L.Ed.2d 186 (1970); Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). In addition, the vacating of petitioner's present sentence and the imposition of a new sentence of life imprisonment would not affect petitioner's parole eligibility. Thus, because petitioner has not been prejudicially affected by the actions of the sentencing

Judge, habeas corpus relief is not warranted. Therefore, the petition herein for a writ of habeas corpus should be denied.

For all the foregoing reasons, it is therefore

Ordered and adjudged that the petition herein for a writ of habeas corpus be, and it is hereby, denied.[3]

---

3. The ruling in this case was affirmed by the United States Court of Appeals for the Eighth Circuit in an unpublished *per curiam* opinion on April 18, 1975. *See*, Donaldson v. Wyrick, Civil Action No. 74–1820 (8th Cir. April 18, 1975).