**Johnnie STERLING, Petitioner,**

v.

**Donald W. WYRICK, Warden, Missouri State Penitentiary, Respondent.**

**No. 76CV373W–4.**

United States District Court, W. D. Missouri, W. D.

Sept. 8, 1976.

---

**82**

Johnnie Sterling, pro se.

Philip M. Koppe, Ass't Atty. Gen., Jefferson City, Mo., for respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

ELMO B. HUNTER, District Judge.

Petitioner, a convicted state prisoner currently in custody of the Missouri Department of Corrections at Jefferson City, Missouri, has filed in *forma pauperis* a petition for writ of habeas corpus challenging the validity of his state conviction and sentence. Leave to proceed in *forma pauperis* was granted in the Court's Order to Show Cause entered June 23, 1976.

With leave of Court to file out of time, respondent filed, on July 27, 1976, its Response to Order to Show Cause, discussing each of the grounds relied upon by petitioner and setting forth respondent's contentions that each ground lacks merit. Petitioner filed his traverse to the Response on July 26, 1976, citing case authority and incorporating his pro se briefs and the brief filed by his counsel on the direct appeal of his conviction. In addition, petitioner's traverse includes a Motion to Strike the Response filed by the State of Missouri for the reason that it was untimely, and a request for a three-judge court for the hearing of this cause.

■ Petitioner's Motion to Strike and request for a three-judge court are frivolous and without merit. For good cause shown, the Response of the State of Missouri was filed with leave of Court and therefore was not untimely. Although petitioner's request for a three-judge court states that he is challenging the constitutionality of two Missouri statutes, his complaint asserts merely a denial of equal protection and due process based upon his prosecution under § 559.180, R.S.Mo. (1969), the assault statute, rather than § 556.150, R.S.Mo. (1969), which proscribes attempted murder. Hence, petitioner challenges not the constitutionality of the statutes themselves, nor seeks to enjoin their enforcement, and convening of a three-judge district court is not required.

The petition filed and the official records of previous post-conviction proceedings filed by petitioner reveal the following course of events relevant to this cause. Petitioner was sentenced to a term of 30 years' imprisonment by the Circuit Court of Jackson County, Missouri, following his conviction for assault with intent to kill with a deadly weapon with malice aforethought. § 559.180, R.S.Mo. (1969). Petitioner had waived a jury and was tried to the Circuit Court. His subsequent appeal to the Missouri Court of Appeals, Kansas City District, was unsuccessful. See *State v. Sterling*, 536 S.W.2d 843 (Mo.App.1976). On May 3, 1976, the Missouri Court of Appeals denied petitioner's motion for rehearing or transfer to the Missouri Supreme Court. On June 14, 1976, the Missouri Supreme Court denied petitioner's application to transfer. Petitioner has not sought post-conviction relief under Missouri Rule 27.26 in the Circuit Court of Jackson County, Missouri.

■ In the petition filed with this Court, petitioner has raised four grounds for relief. Petitioner contends (1) that the trial court erred in allowing into evidence a confession which was elicited in violation of his Fifth Amendment privilege against self-incrimination; (2) that petitioner was denied due process and equal protection of the laws because of his prosecution under § 559.180, R.S.Mo. (1969), instead of § 556.150; (3) that he was denied due process of law by the trial court's alleged failure to find petitioner guilty beyond a reasonable doubt of each and every element of the offense; and (4) that the sentence imposed against petitioner was imposed by the consideration of untried crimes. The issues raised herein are identical to those considered and rejected by the Missouri Court of Appeals in denying the direct appeal of petitioner's conviction. Therefore, petitioner has exhausted his available state remedies with

respect to these issues, as required by 28 U.S.C. § 2254(c).[1]

█ A review of the files and records in this case reveals no controverted facts. Because this case presents only a determination of applicable principles of law as applied to uncontroverted facts, the holding of an evidentiary hearing by this Court is neither necessary nor desirable. *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); *Mattingly v. Ciccone,* 503 F.2d 502, 503 (8th Cir. 1974); *Noorlander v. United States Attorney General,* 465 F.2d 1106, 1108 (8th Cir. 1972), cert. denied, 410 U.S. 938, 93 S.Ct. 1398, 35 L.Ed.2d 603 (1973).

The facts relevant to petitioner's first claim, alleging violation of his rights under the Fifth Amendment, are set out at length in *State v. Sterling,* 536 S.W.2d 843, 846–47 (Mo.App.1976). Petitioner was questioned by police at a police station in Kansas City, Missouri, on May 13, 1974, following a Miranda warning which petitioner stated he understood. Although petitioner said he understood his rights, he declined to sign the printed waiver form, adding that he didn't want to sign any type of "report." Petitioner nevertheless began immediately to discuss the case with the police officers. When petitioner stated his desire to talk with a friend, Russell Dupree, before talking further with police, the police ceased their interrogation and located Mr. Dupree, who spoke with petitioner for fifteen to twenty minutes. Following this conversation with his friend, petitioner informed the police that he would be willing to give a statement concerning the offense for which he was being questioned. Petitioner at that time was again given his Miranda warnings and, according to testimony at petitioner's trial, the police emphasized petitioner's rights to remain silent and to the presence

of counsel. The trial court admitted petitioner's confession into evidence at his trial.

█ Petitioner now argues that his refusal to sign a waiver form indicated his desire to remain silent and that the police, therefore, should have ceased the interrogation. As the Missouri Court of Appeals correctly decided, however, petitioner's refusal to sign the waiver "was but one of a number of factors to be weighed in proper perspective" in considering whether the confession was given voluntarily, knowingly, and intelligently in the absence of coercion or duress. *State v. Sterling,* supra at 848. The circumstances surrounding petitioner's interrogation by the police indicate that petitioner was afforded the full rights required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1965), and that, indeed, he voluntarily initiated the giving of a statement after the police had ceased the interrogation. Thus the trial court correctly admitted the confession into evidence and petitioner's first ground for relief in this cause is without merit. See *United States v. Biondo,* 483 F.2d 635 (8th Cir. 1973); *Michigan v. Mosley,* 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975); *United States v. Hayes,* 385 F.2d 375 (4th Cir. 1967), cert. den. 390 U.S. 1006, 88 S.Ct. 1250, 20 L.Ed.2d 106 (1968); *United States v. McDaniel,* 463 F.2d 129 (5th Cir. 1972).

█ Petitioner's second allegation, that he was denied due process and equal protection of the laws because of his prosecution under § 559.180, R.S.Mo. (1969), instead of § 556.150, R.S.Mo. (1969), is similarly without merit. In essence, petitioner asserts violation of his constitutional rights because the assault statute, under which he received a sentence of 30 years' imprisonment, allows a penalty more severe than that provided by the attempted murder statute, which carries a maximum penalty of ten years' imprisonment. The Missouri Court

---

1. This determination of the exhaustion issue is based upon the Court's view that the complaint herein does not seek to challenge the constitutionality of the two Missouri statutes themselves, but rather challenges the State's election to prosecute petitioner under § 559.180. If petitioner does seek herein to challenge the constitutionality of the two statutes, he attempts to raise an issue not previously presented to the state courts. In that case, petitioner has failed to exhaust his adequate state remedies with respect to that issue, and it will, therefore, not be considered by this Court on petition for writ of federal habeas corpus.

of Appeals found this argument unsatisfactory by relying upon the statutory distinction between the crimes of attempt and assault in Missouri as discussed in *Turnbough v. State*, 533 S.W.2d 609, 613 (Mo. App.1975). This Court agrees that issues of the seriousness of offenses and the punishment to be prescribed therefore are legislative determinations. *Clune v. United States*, 159 U.S. 590, 595, 16 S.Ct. 125, 40 L.Ed. 269 (1895). The state may elect to punish one offense more seriously than another, *Collins v. Johnston*, 237 U.S. 502, 510, 35 S.Ct. 649, 59 L.Ed. 1071 (1915); 21 Am. Jur.2d Criminal Law § 582 at 545 (1965), and where a single act constitutes an offense under two different statutes, a defendant may not complain merely because the State elected to prosecute and convict him under the statute carrying the more severe penalty. *Ehrlich v. United States*, 238 F.2d 481, 485 (5th Cir. 1956).

█ Thirdly, petitioner alleges that the trial court failed to find him guilty beyond a reasonable doubt of each and every element of the offense, apparently basing his contention upon the trial court's omission of the word "aforethought" in announcing its verdict.[2] Any distinction in Missouri between "malice" and "malice aforethought," as discussed at some length by the Court of Appeals on petitioner's direct appeal, is a matter of state statutory interpretation not cognizable in an action for federal habeas corpus. See *Gomori v. Brierley*, 334 F.Supp. 672 (W.D.Pa.1971), aff'd 474 F.2d 1338, cert. denied 411 U.S. 966, 93 S.Ct. 2147, 36 L.Ed.2d 686; *Hibbard v. Gladden*, 368 F.2d 311 (D.Ore.1966); *Miller v. Crouse*, 346 F.2d 301 (10th Cir. 1965); *Olson v. Tahash*, 344 F.2d 139 (8th Cir. 1965), cert. denied 382 U.S. 858, 86 S.Ct. 113, 15 L.Ed.2d 96. Additionally, the Court notes the trial court's statement, in announcing its verdict, that it found "the defendant guilty beyond

a reasonable doubt of the charge *as made in Count III*." (emphasis added) As Count III of the indictment included the words "malice aforethought" three times (Resp. Exh. A at 3–4), it is clear that the trial court had no reasonable doubt with respect to that element of the offense, and that petitioner was convicted of the crime of assault with intent to kill with malice aforethought. Thus petitioner's third contention affords no ground for relief in this cause.

█ Finally, petitioner asserts that his sentence was enhanced on the basis of "untried crimes." Petitioner apparently refers in this allegation to the fact that he was charged by indictment with three separate counts—forcible rape, robbery in the first degree by means of a dangerous and deadly weapon, and assault with intent to kill with malice aforethought—all arising from a single incident on March 12, 1974. At the conclusion of the evidence, and at the request of the State, the trial court dismissed Counts I and II. Because the trial court was entitled to take into account the nature and circumstances of petitioner's offense in determining his sentence, however, any consideration given by the trial judge to those circumstances surrounding the assault of which petitioner was convicted was proper and not erroneous. In addition, as the state court found, there is no evidence supporting petitioner's contention that "untried crimes" were considered in determining his sentence, which was within the limitation provided by statute and not excessive. Accordingly, petitioner's final contention is without merit.

Because petitioner has failed to set forth facts or grounds sufficient to warrant federal habeas corpus relief, it is therefore

ORDERED and ADJUDGED that the above-styled petition for writ of habeas corpus be, and it is hereby, denied.

2. Petitioner was convicted of assault with intent to kill with malice aforethought, proscribed under § 559.180, R.S.Mo. (1969), as charged in Count III of the indictment. In returning its verdict at the conclusion of the evidence, the Court stated, "The court has no

hesitation, and does find, the defendant guilty beyond a reasonable doubt of the charge as made in Count III, Assault with Intent to Kill With a Deadly Weapon With Malice." (Resp. Exh. A at 115)